1  SEYFARTH SHAW LLP
   Lindsay S. Fitch (SBN 238227)
2  lfitch@seyfarth.com
   400 Capitol Mall, Suite 2350
3  Sacramento, California 95814-4428
   Telephone:  (916) 448-0159
4  Facsimile:   (916) 558-4839

5  SEYFARTH SHAW LLP
   Heriberto Alvarez, Jr. (SBN 307048)
6  halvarez@seyfarth.com
   601 S. Figueroa Street, Suite 3300
7  Los Angeles, California 90017-5793
   Telephone: (213) 270-9600
8  Facsimile: (213) 270-9601

9  Attorneys for Defendant COSTCO WHOLESALE CORPORATION

10 MARQUEE LAW GROUP, A Professional Corporation
   F. Shawn Azizollahi (SBN 268116)
11 shawn@marqueelaw.com
   Poya Ghasri (SBN 268119)
12 poya@marqueelaw.com
   Gary S. Brotman (SBN 287726)
13 gary@marqueelaw.com
   Nancy Goodes (SBN 346529)
14 nancy@marqueelaw.com
   9100 Wilshire Blvd., Suite 445 East Tower
15 Beverly Hills, California 90212
   Telephone: (310) 275-1844
16 Facsimile: (310) 275-1801

17 Attorney for Plaintiff TERRY HEAD

18                    UNITED STATES DISTRICT COURT

19                    NORTHERN DISTRICT OF CALIFORNIA

20

| | |
|---|---|
| 21  TERRY HEAD, an individual, | Case No. 3:24-cv-01203-EMC |
| 22              Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| 23       v. | |
| 24  COSTCO WHOLESALE CORPORATION, a Washington corporation; and DOES 1 through 50, inclusive, | Initial CMC: July 30, 2024<br>Time: 1:30 p.m. |
| 25 | |
| 26              Defendants. | |

27

28

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, and Hon. Edward M. Chen's Civil Standing Order, Plaintiff Terry Head ("Plaintiff") and Defendant Costco Wholesale Corporation ("Costco") (collectively, "the Parties"), by and through their respective counsel, hereby submit the following Joint Case Management Statement:

**1.     Jurisdiction and Service**

This Court has original federal jurisdiction on the basis of diversity, 28 U.S.C. § 1332, as Plaintiff is a citizen of California and Costco is a citizen of Washington. While Costco denies any liability as to Plaintiff's claims, the alleged amount in controversy here exceeds the jurisdictional minimum. The Parties do not dispute this court's personal or subject matter jurisdiction, or the venue. All Parties have been served.

**2.     Facts**

*Plaintiff's position.* Plaintiff maintains that he was wrongfully terminated by Costco for discriminatory and retaliatory reasons based upon his association with his disabled wife, use of FMLA leave, requests for reasonable accommodations, and involvement in a prior lawsuit against Costco.

Plaintiff was a party to a class action lawsuit against Costco from in or about 2001 through 2009. Following the lawsuit, Plaintiff's supervisors who had been alleged to have committed wrongful acts in the prior lawsuit, such as Melissa McCurdy ("McCurdy") retaliated against Plaintiff by singling him out and nit-picking his work performance.

When Plaintiff's wife was diagnosed with cancer, he attempted to be transferred to Costco locations closer to where he lived in order to care for his wife. Thereafter, Costco's discrimination and retaliation increased. Plaintiff's transfer requests were repeatedly discriminatorily denied. One supervisor named Lamar Bell who had worked under and been mentored by McCurdy even said that he "didn't care about [Plaintiff's] wife having cancer or [Plaintiff's] twin brother having cancer" in conjunction with his nit-picking of Plaintiff's work performance.

In or about early April 2022, Plaintiff provided Costco with a doctor's note stating that he cannot return to work in 2022 due to his obligations to care for his chronically ill wife, and that his work status will be reassessed on January 1, 2023. On or about June 24, 2022, Plaintiff spoke with Costco who

refused to accommodate this requested leave of absence, to which Plaintiff replied, "so if Costco has to let me go then so be it". On June 27, 2022, Plaintiff received a letter from Costco demanding that he either returned to work on July 7, 2022, voluntarily resign with the opportunity for rehire, or be terminated for failure to return to work by that date. Hopeful for rehire and left with no other reasonable choice, Plaintiff executed the resignation form on June 30, 2024. Plaintiff then attempted to be reinstated by Costco in or about May 2023 following his wife's passing. Costco only offered to reinstate Plaintiff in a demoted, part-time position, which Plaintiff accepted. Defendants then discriminatorily rescinded this job offer a couple of days later and refused to rehire him thereafter.

Additionally, Costco committed wage and hour violations against Plaintiff including failure to timely pay all earned wages, failure to pay minimum and overtime wages, failure to provide meal and rest periods, and failure to provide accurate wage statements, and waiting time penalties.

*Costco's position.* Costco denies Plaintiff's allegations and claims. Plaintiff, who had been off work since June 2021 and exhausted all leave of absence benefits, voluntarily resigned from Costco on June 30, 2022. Costco understands Plaintiff was off work and resigned for personal reasons as he was caring for his wife who was ill.

**3.     Legal Issues**

*Parties' position.* Plaintiff asserts sixteen claims against Costco: (1) Retaliation in violation of Labor Code 1102.5, (2) Disability Discrimination (FEHA), (3) Failure to Prevent Discrimination (FEHA), (4) Failure to Accommodate (FEHA), (5) Failure to Engage in Good Faith Interactive Process (FEHA), (6) Retaliation (FEHA), (7) Wrongful Termination in Violation of Public Policy (Count I), (8) Wrongful Termination in Violation of Public Policy (Count II), (9) Failure to Timely Pay Earned Wages (Labor Code 204), (10) Failure to Pay Minimum Wages (Labor Code 1194, 1197), (11) Failure to Pay Overtime (Labor Code 510, 1194), (12) Failure to Provide Meal Periods (Labor Code 226.7), (13) Failure to Provide Rest Periods (Labor Code 226.7), (14) Failure to Provide Accurate Wage Statements (Labor Code 226), (15) Waiting Time Penalties (Labor Code 201 and 203), and (16) Unfair Competition (Business & Professions Code 17200).

*Costco's Position.* To date, Costco believes the key legal issues include:

- Whether Plaintiff's claims are timely given the applicable statute of limitations;

1  • Whether Costco retaliated against Plaintiff for any reason, including because he participated in a prior lawsuit against Costco or made complaints against Costco;

• Whether Costco discriminated against Plaintiff because of a purported disability or association with someone who was disabled;

• Whether Plaintiff engaged in any protected activity;

• Whether Costco retaliated against Plaintiff for engaging in protected activity;

• Whether Costco failed to prevent any discrimination or retaliation against Plaintiff;

• Whether Plaintiff made a request for a reasonable accommodation;

• Whether Costco reasonably addressed Plaintiff's request for an accommodation;

• Whether Costco was required to engage in the interactive process with Plaintiff in response to a request for reasonable accommodation;

• Whether Costco engaged in the interactive process with Plaintiff;

• Whether Plaintiff voluntarily resigned from Costco;

• Whether Costco terminated Plaintiff's employment and, if so, whether the termination was unlawful;

• Whether Costco paid Plaintiff all earned wages, including minimum wages and overtime, in a timely manner;

• Whether Costco provided Plaintiff with lawful meal periods;

• Whether Costco provided Plaintiff with lawful rest breaks;

• Whether Costco provided Plaintiff with accurate wage statements;

• Whether Costco engaged in any unfair business practices or unfair competition;

• Whether Costco engaged in conduct constituting malice, oppression, or fraud that was committed by one or more officers, directors, or managing agents of Costco who acted on behalf of Costco.

**4.    Motions**

The Parties have not filed any motions to date.

*Plaintiff's position.*  Plaintiff intends to oppose any motion for summary judgment or adjudication filed by Costco.

4

JOINT CASE MANAGEMENT STATEMENT

*Costco's position.* Costco may file a motion for summary judgment or adjudication depending on what it learns during the discovery process.

### 5. Amendment of Pleadings

The Parties do not anticipate any amendments to the pleadings.

### 6. Evidence Preservation

The Parties have met and conferred as required by Federal Rule of Civil Procedure 26(f), and the Parties are aware of their evidence-preservation obligations. The Parties represent they have taken steps to preserve all relevant documents, including the preservation of ESI. The Parties have also met and conferred pursuant to the ESI Guidelines 2.01 and 2.02 regarding reasonable and proportionate steps the Parties can take to preserve evidence relevant to the issues reasonably evident in this action.

### 7. Disclosures

On March 28, 2024, the Parties served initial disclosures pursuant to General Order No. 71. Both Parties identified individuals who might have knowledge of the facts alleged in Plaintiff's complaint and documents that might be relevant to the Parties' claims and defenses. On July 2, 2024, the Parties produced relevant documents pursuant to General Order No. 71.

### 8. Discovery

The Parties have not engaged in any formal discovery. The Parties expect to conduct discovery pursuant to the parameters established by the Federal Rules of Civil Procedure but agree to meet and confer if they believe this issue should be revisited. The Parties have not considered entering into a stipulated e-discovery order.

> **A.** **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made.**

The Parties served initial disclosures on March 28, 2024, pursuant to General Order No. 71, and propose that no changes should be made to the timing, form, or requirement of those disclosures.

> **B.** **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

Pursuant to Paragraph 15 below, discovery should be completed by March 20, 2025.

*Plaintiff's position.* Plaintiff will serve written discovery related to his claims for discrimination, retaliation, wrongful termination, and wage and hour claims. Plaintiff also anticipates taking depositions of Costco's persons most knowledgeable on topics related to those claims, including but not limited to, the persons with knowledge identified in Plaintiff's initial disclosures. Plaintiff further intends to depose any percipient witnesses identified in the pleadings or as may be disclosed during the course of discovery.

*Costco's position.* Costco expects to serve written discovery to Plaintiff on topics related to the allegations set forth in his complaint. Costco also anticipates taking Plaintiff's deposition after reviewing his discovery responses. Further, Costco may depose any individuals identified in Plaintiff's initial disclosures or discovery responses, including medical or mental health services providers who may have treated Plaintiff for any injuries he alleges resulted from Plaintiff's employment with Costco.

**C.     Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties do not anticipate any issues regarding the disclosure, discovery, or preservation of electronically stored information.

**D.     Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

At this time, the Parties do not anticipate any problems or issues with claims of privilege. The Parties agree to protocols set forth in Rule 26(b)(5) and Federal Rule of Evidence 502.

**E.     What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

The Parties expect to conduct discovery pursuant to the parameters established by the Federal Rules of Civil Procedure but agree to meet and confer if they believe this issue should be revisited.

**F.     Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**

Costco will provide a draft stipulated protective order to Plaintiff in advance of the Case Management Conference.

**9.     Class Actions**

The present action is not asserted as a Class Action lawsuit.

**10.    Related Cases**

The Parties agree there are no related cases or proceedings pending before any judge of this court, another court, or any administrative body.

**11.    Relief**

*Plaintiff's position.* Plaintiff maintains that he has suffered damages relating to the wrongful acts committed by Costco as detailed in the Complaint. Plaintiff is entitled to such relief as detailed in Plaintiff's Prayer for Relief, including compensatory consequential, general, and special damages; statutory back pay, benefits, actual damages, and civil penalties; reasonable attorneys' fees; punitive damages; interest; costs of suit and; such other and further relief that the Court may deem just and proper.

*Costco's position.* Costco denies Plaintiff's allegations and claims, that he has been damaged in any way, and that he is entitled to any relief. Costco reserves the right to seek fees and costs to the extent allowable under the law.

**12.    Settlement and ADR**

The Parties have met and conferred and believe initial discovery, including Plaintiff's deposition and Defendant's person most knowledgeable, is necessary to evaluate the efficacy and appropriateness of ADR. The Parties agree to discuss ADR procedures at the case management conference.

**13.    Other References**

The Parties agree this case is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.    Narrowing of Issues**

*Plaintiff's position.* Plaintiff does not believe that any of his causes of action be dismissed nor narrowed and intends to oppose any motion for summary judgement or adjudication of his claims.

*Costco's position*. Costco believes that case issues may be dismissed, or at least significantly narrowed at the summary judgment stage, and it intends to pursue a motion for summary judgment or

adjudication on Plaintiff's claims. If any aspect of this case survives summary judgment, Costco may seek to bifurcate the damages phase from the liability phase at trial.

**15.　Scheduling**

The Parties have met and conferred and believe a trial would be appropriate for August 2025. Based on an August 25, 2025 trial date, and pursuant to Judge Chen's Guideline re Calculation of Trial Time Line, the Parties propose the following pretrial dates:

1. Non-Expert Discovery Closed – March 20, 2025
2. Expert Disclosures – March 20, 2025
3. Rebuttal Expert Disclosure – April 10, 2025
4. Last Day to File Dispositive Motions – April 17, 2025
5. Expert Discovery Closed – May 1, 2025
6. Last Day to Hear Dispositive Motions – May 22, 2025
7. Meet and Confer re Pretrial Conference Statement – June 17, 2025
8. Joint Pretrial Conference Statement / Trial Briefs – July 8, 2025
9. Objections to trial brief – July 18, 2025
10. Pretrial Conference: July 29, 2025 at 2:30 p.m.
11. Trial: August 25, 2025 at 8:30 a.m.

**16.　Trial**

*Plaintiff's position.* Plaintiff has requested a jury trial and expects the case to last 5 to 7 days.

*Costco's position.* Plaintiff has requested a jury trial. Costco expects the case will last 5 to 7 days.

**17.　Disclosure of Non-Party Interested Entities or Persons**

*Plaintiff's position.* As stated in Plaintiff's Certification of Conflicts and Interested Entities or Persons filed on July 18, 2024, Plaintiff certifies that as of this date, there is no conflict or interest (other than the named parties) to report.

*Costco's position.* On February 28, 2024, Costco filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. Costco now restates the contents of that Certification:

Pursuant to Civil Local Rule 3-15, Costco certifies that as of this date, there is no conflict or interest (other than the named parties) to report.

**18.  Professional Conduct**

The attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.  Other Matters**

At the moment, the Parties are not aware of any other issues relevant to case management.

DATED: July 23, 2024                    Respectfully submitted,

MARQUEE LAW GROUP

By: */s/Gary S. Brotman*
    Gary S. Brotman
    Nancy Goodes

    Attorneys for Plaintiff
    TERRY HEAD

DATED: July 23, 2024                    Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Lindsay S. Fitch*
    Lindsay S. Fitch
    Heriberto Alvarez, Jr.

    Attorneys for Defendant
    COSTCO WHOLESALE CORPORATION

311865917v.5