United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HEAD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COSTCO WHOLESALE CORPORATION,<br><br>　　　　Defendant. | Case No. 24-cv-01203-EMC<br><br>**ORDER DENYING DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL**<br><br>Docket No. 34 |

　　　　Pending before the Court is Costco's motion to certify for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Having considered the parties' briefs, the Court finds this matter suitable for disposition without oral argument. Costco's motion is hereby **DENIED**.

　　　　Under § 1292(b), a court may certify only if (1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion on that question, and (3) an immediate resolution of that question may materially advance the ultimate termination of the litigation. *See ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022).

　　　　Costco has identified a controlling question of law: to wit, whether a claim for failure to accommodate (and any related claim) may be brought based on an associational disability. There are also substantial grounds for difference of opinion on that legal question. *See id.* (stating that "[t]he 'substantial grounds' prong is satisfied when 'novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions'"). As the Court noted in its summary judgment order, there are conflicting authorities on this issue. *See* Docket No. 33 (Order at 31-35). Mr. Head suggests that the authorities that favor Costco should be given no weight because they are not published. While the fact that a decision is not published may be a factor to consider

in whether there are substantial grounds for difference of opinion, *see, e.g.*, *In re Delta Air Lines, Inc.*, No. LA CV20-00786 JAK (SKx), 2024 U.S. Dist. LEXIS 96649, at *38 (C.D. Cal. May 30, 2024) (stating that "a minor conflict with [an] isolated, unpublished and unrepeated 1996 decision by [a federal agency] does not reflect a 'substantial ground for disagreement'"), it is not dispositive.

      The critical factor, therefore, is whether an interlocutory appeal would materially advance the ultimate termination of the litigation. The Court finds that this factor strongly weighs against Costco. To be sure, if an appellate court were to find in favor of Costco on the legal question, that would end this lawsuit. However, the Court must also take into account that Costco did not bring up the legal question until summary judgment close to the scheduled trial. Although Costco sought certification for an interlocutory appeal soon after the summary judgment order issued, the fact remains that Costco did not tee up the legal issue – a pure question of law – until late in the proceedings. Bringing the issue up on the eve of trial does not materially advance the ultimate termination of the litigation any more than a trial would.[1] *Cf. Teladoc, Inc. v. Tex. Med. Bd.*, No. 1:15-CV-343-RP, 2016 U.S. Dist. LEXIS 107443, at *8 (W.D. Tex. Aug. 15, 2016) (noting that "[d]istrict courts across the country have . . . exercised their discretion to deny motions for certification deemed untimely," although admittedly in the context of whether a party moves to certify soon after the district court issues the interlocutory order). At this juncture, certification

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The Court also notes that, because the legal issue here is based on state law, Costco is ultimately asking this Court to certify the legal question for the Ninth Circuit who would then have to certify the matter to the California Supreme Court. See Cal. R. Ct. 8.548(a) ("On request of the United States Supreme Court, a United States Court of Appeals, or the court of last resort of any state, territory, or commonwealth, the Supreme Court may decide a question of California law if: (1) The decision could determine the outcome of a matter pending in the requesting court; and (2) There is no controlling precedent."). Because this process involves two appellate courts, it implicitly takes some time.

1  and staying of the trial will cause more delay than simply trying the case four months from now.
2  If Costco prevails, the legal issue may be moot.  If Costco loses the trial, then it may still file an
3  appeal in the normal course, an appeal which could be instituted just a few months later than an
4  appeal pursuant to a §1292 certification.

5        Accordingly, Costco's motion to certify for an interlocutory appeal is denied.
6        This order disposes of Docket No. 34.

8  **IT IS SO ORDERED**.

10  Dated: September 10, 2025

                                                    EDWARD M. CHEN
                                                    United States District Judge