UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HEAD,<br>          Plaintiff,<br>     v.<br>COSTCO WHOLESALE CORPORATION,<br>          Defendant. | Case No.  24-cv-01203-EMC<br><br>**FINAL PRETRIAL CONFERENCE ORDER** |

## I.   TRIAL DATE & LENGTH OF TRIAL

Jury selection shall take place on January 9, 2026, at 8:30 a.m.  Counsel shall be present in the Courtroom at 8:00 a.m.  Screening of questionnaires for prospective jurors who obviously cannot serve shall be held earlier, on January 7, 2026, at 10:00 a.m. by Zoom.

The jury trial shall begin on January 9, 2026.  The trial days are: January 9, 12, 13, 14, 16, and 20.  Jury selection will be completed and opening statements given on January 9.  Mr. Head should also have his first witness ready to testify, should there be time.  Trial shall last from 8:30 a.m. to 1:30 p.m. on each day thereafter.  On all trial days counsel shall be present in the Courtroom at 8:00 a.m. to discuss any matters requiring resolution prior to commencement of trial at 8:30 a.m.  The Court will take a 15-minute break after every 90-minute segment in court.

The length of the trial is expected to last not more than five court days after January 9.  Each party will have 11 hours to present its case.  This includes opening statement, direct and cross examination, and closing arguments.

/ / /

/ / /

## II. TRIAL PROCEDURES

To make trial more efficient, the Court imposes additional trial procedures. A party must give the opposing party and the Courtroom Deputy at least forty-eight (48) hours' notice of witnesses it intends to call, exhibits it intends to use, and/or demonstratives it intends to use. This includes exhibits and demonstratives intended to be used in opening statements. Saturdays and Sundays do not count. Thus, *e.g.*, for a Monday trial day that starts at 8:00 a.m., a party must give the opposing party notice by 8:00 a.m. on Thursday.

If the opposing party has an objection, then it must notify the party by 6:00 p.m. the same day of notice, and the parties shall meet and confer to see if they can resolve their differences. If they cannot, then they shall file with the Court a joint statement twenty-four (24) hours in advance of the relevant trial day stating the objections and response thereto. In short, the Court requires a full day to resolve any objections.

## III. WITNESSES

A. Plaintiff's Witness List

Mr. Head has identified the following individuals as witnesses he may call in his case-in-chief.

(1) Jeff Abadir.
(2) Lamar Bell.
(3) Paul Cano.
(4) Antonio Ewing.
(5) Lisa Goodrich.
(6) Sherry Gonzalez.
(7) Brad Hanes.
(8) Teresa Head.
(9) Terry Head.
(10) Dennis Hoover.
(11) Dorothy Johnson.
(12) Ryan Klee.

1  (13)  Michael Lawal.

2  (14)  Mike Maldanado.

3  (15)  Nicola Merrett.

4  (16)  Shawn McGuiness.

5  (17)  Vanessa Murillo.

6  (18)  Sarah Rajski.

7  (19)  Drew Sakuma.

8  (20)  Denise Zizzo.

Based on the Court's rulings made at the Final Pretrial Conference, the Court expects Mr. Head to narrow down the witnesses who will testify in his case-in-chief. An updated witness list shall be filed by November 17, 2025.

Mr. Head had indicated in the parties' Joint Pretrial Conference Statement that he also intended to rely on deposition testimony from Michael Maldanado and Lamar Bell. *See* Jt. PTC St., App. D. It is not clear that either witness will be needed given the Court's rulings at the Final Pretrial Conference. Assuming that either witness does have relevant testimony, Costco has argued that the deposition testimony is unnecessary because the witness will appear to testify live. Even if that is the case, Mr. Head may still use deposition testimony to impeach. *See* Fed. R. Civ. P. 32(a)(2). But if Mr. Head intends to use the deposition testimony as affirmative evidence, he has not yet established that such evidence is admissible. *See, e.g.*, Fed. R. Civ. P. 32(a)(3) (providing that "[a]n adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's *officer, director, managing agent, or designee* under Rule 30(b)(6) or 31(a)(4)") (emphasis added). If he does introduce affirmative testimony by way of depositions, Mr. Head shall designate those portions for trial use and disclose to Costco. The parties shall meet and confer and agree on those segments which shall be included for purpose of direct and cross and resolve any outstanding objections. If there are unresolved objections, the parties shall present the proposed portions of the transcripts together with designated objections to the Court no later than December 1, 2025.

B.   Defendant's Witness List

Costco has identified the following individuals as witnesses it may call in its case-in-chief.

(1)   Terry Head.

(2)   Antonio Ewing.

(3)   Ryan Klee.

(4)   Sarah Rajski.

In light of the Court's rulings at the Final Pretrial Conference, the Court shall allow Costco to file an updated witness list by November 17, 2025.

## IV.   MOTIONS IN LIMINE

Costco has filed motions in limine, but not Mr. Head. The motions are addressed below.

A.   Defendant's Motion in Limine No. 1 (Docket N. 68)

In its first motion in limine, Costco asks the Court to exclude evidence and argument related to the causes of action that the Court dismissed. According to Costco, such evidence and argument is irrelevant and further should be excluded under Federal Rule of Evidence 403. The motion is **GRANTED**.

At summary judgment, the Court dismissed a number of claims: (1) Mr. Head's wage-and-hour claims; (2) his whistleblower retaliation claim; and (3) his claims for disability discrimination and failure to prevent/remedy discrimination. In addition, although the Court allowed the accommodation and related claims to proceed, it held that some of the alleged misconduct underlying those claims was time barred – *e.g.*, the denials of the transfer requests and the employee counseling notices. The Court explicitly stated that the accommodation and related claims proceeding to trial were limited to the alleged termination only. *See* Docket No. 33 (Order at 44). Thus, Mr. Head's claims proceeding to trial did not include any claim based on the failure to rehire.

Based on the Court's summary judgment ruling, Costco argues that the Court should not permit any evidence on the following:

> (i) [Mr. Head's] complaints of alleged Labor Code violations, (ii) warehouse-transfer requests in 2016 and 2017, (iii) complaints of alleged conduct from Costco managers and employees unrelated to

4

>his voluntary resignation, (iv) complaints regarding his alleged work performance and counseling notices, (v) claims of alleged Labor Code violations, and (vi) request for reemployment [*i.e.*, rehire] in May 2023.

Mot. at 2-3.

In his opposition, Mr. Head argues that he should still be permitted to introduce evidence on the following: (1) bullying and insensitive comments by his managers, in particular Lamar Bell, *see* Opp'n at 6 (asserting that Mr. Bell stated that he did not care that Mr. Head's brother and wife had cancer); (2) denials of his requests for transfer in 2016 and 2017, which were based on his wife's medical condition; (3) discriminatory work conditions (including, *e.g.*, allegedly unjustified employee counseling notices) that left him with "no alternative but to quit . . . employment," Opp'n at 7 (arguing constructive termination); and (4) his attempt to be rehired after his wife passed.

Mr. Head's position is not well supported. He has failed to demonstrate relevance. On (1), he contends that Mr. "Bell's comment provides context for Costco's sentiment regarding Plaintiff's accommodation requests." Opp'n at 6. But the critical employment action at issue is the denial of additional leave to Mr. Head (which, according to Mr. Head, forced him to resign). There is no evidence to indicate that Mr. Bell was a part of that decision making. The same two problems obtain for (2) and (3) – *i.e.*, there is no indication that the persons denying the transfer requests or issuing the employee counseling notices were the same decision makers with respect to the denial of additional leave which led to the alleged constructive discharge herein. (At the Final Pretrial Conference, there was no dispute that the decision maker was Antonio Ewing and that Ryan Klee provided information to Mr. Ewing in making his decision.)

Nor is there any evidence that the persons making the decision to deny additional leave at issue were influenced by Mr. Bell and/or the persons who had denied the transfer requests or issued the employee counseling notices. Likewise, there is no evidence that the persons making the decision to deny additional leave took into account Mr. Bell's assessment of Mr. Head, Mr. Head's transfer requests, or Mr. Head's counseling notices in making their decision on whether to grant additional leave. Indeed, the fact that most of the conduct at issue took place years before the decision to deny Mr. Head leave in 2022 makes the connection between these employment

1  events even more tenuous.

2        The evidence in (1), (2), and (3) is also barred under Rule 403. The danger of unfair prejudice substantially outweighs any probative value the evidence may have. There is also the danger of mini trials that would waste time and confuse the jury.

      As for (4), Mr. Head makes a slightly different argument. He contends that a letter Costco sent to him in March 2022 mentioned eligibility for rehire if he left employment with Costco; thus, "the jury may be left to ponder 'why didn't Plaintiff simply reapply after he resigned?'" Opp'n at 6. Even if there may be some probative value to the evidence that he sought to be rehired, it is (at best) minimal and substantially outweighed by the danger of unfair prejudice to Costco. Thus, it shall be excluded under Rule 403. Furthermore, Mr. Head's concern may easily be cured: a limiting instruction can be given to the jury explaining that whether or not he sought rehire and how any such request might have been handled is irrelevant. The parties shall meet and confer to reach agreement on the language to be used in a limiting instruction. The proposed limiting instruction shall be filed by November 17, 2025. The Court expects Plaintiff to ask the Court to read the limiting instruction at the appropriate time during the presentation of evidence to the jury.

B.    <u>Defendant's Motion in Limine No. 2 (Docket No. 69)</u>

      In the second motion in limine, Costco moves to exclude evidence and argument related to alleged misconduct that took place outside of the limitations period and that is unrelated to the alleged termination. Similar to above, Costco's concern seems to be about complaints that Mr. Head had about his managers (such as Mr. Bell), employee counseling notices, and denials of transfer requests. Costco argues that such evidence and argument should be excluded under Rules 402 and 403.

      In response, Mr. Head argues that such evidence – even if not a basis for liability – is critical for background. According to Mr. Head, such evidence indicates that Costco had a retaliatory animus – *i.e.*, forced him to resign because he had made requests for accommodation. *See* Cal. Gov't Code § 12940(m)(2) (providing that it is unlawful "[f]or an employer or other entity covered by this part to . . . retaliate or otherwise discriminate against a person for requesting accommodation under this subdivision, regardless of whether the request was granted"); Opp'n at

6

1    4 (arguing that the above is "[c]ircumstantial evidence of Costco's longstanding retaliatory animus
2    against Plaintiff for requesting and utilizing associational disability accommodations extend[ing]
3    back to 2015").

4      The Court's analysis above applies here as well. This evidence has little or no probative
5    value to the issues remaining for trial. Accordingly, the motion to exclude is **GRANTED**.

6    C.  <u>Defendant's Motion in Limine No. 3 (Docket No. 70)</u>

7      In its final motion in limine, Costco moves to exclude evidence and argument related to
8    conduct that took place after the alleged termination – in particular, related to Mr. Head's attempt
9    to be rehired. As above, Costco's motion is predicated on Rules 402 and 403.

10     In response, Mr. Head contends that evidence related to the rehire is relevant because, as
11   noted above, the jury could wonder why he did not simply reapply after resigning. He also asserts
12   that the evidence related to the rehire is relevant to mitigation of damages and emotional distress.

13     Mr. Head's first argument has been addressed above. Mr. Head will not be prejudiced if
14   the evidence is excluded because a limiting instruction can be given. Mr. Head's argument on
15   mitigation of damages is off point because Costco is not contending that he could have mitigated
16   his damages by seeking rehire with Costco. Mr. Head's final argument lacks merit because the
17   emotional distress he now identifies – allegedly being rehired and then being rejected – is tied to
18   the attempt to be rehired, but the Court has held that the accommodation and related claims are
19   limited to the alleged termination only and does not encompass the denial of rehire. *See also*
20   Compl. ¶ 94 (alleging that "Plaintiff's requests for accommodations to care for [his] ill and
21   disabled wife were substantial motivating reasons for Defendants' decision to terminate Plaintiff's
22   employment.").

23     Accordingly, Costco's motion in limine is **GRANTED**. The evidence/argument is not
24   relevant. Moreover, any probative value is substantially outweighed by the danger of unfair
25   prejudice to Costco and thus exclusion is warranted under Rule 403.

26   / / /
27   / / /
28   / / /

## V. **EXHIBITS**

Costco has provided bellwether exhibits and asked the Court for rulings on those exhibits. The Court's rulings above on the motions in limine inform its rulings on the bellwether exhibits.

- Exhibits 62 and 134. The documents relate to an anonymous complaint that was submitted regarding alleged bullying of Mr. Head by Lamar Bell. The Rule 402 and 403 objections are sustained.
- Exhibits 56, 114, and 127. The documents relate to transfer requests made by Mr. Bell (including a denial and a transfer but with certain conditions which were imposed consistent with Kaiser policy). The Rule 402 and 403 objections are sustained.
- Exhibits 103, 126. The documents relate to employee counseling notices issued to Mr. Head. The Rule 402 and 403 objections are sustained.
- Exhibits 97, 98, 107. The documents relate to attempts by Mr. Head to get rehired at Costco following the alleged termination. The Rule 402 and 403 objections are sustained. However, as noted above, the parties shall meet and confer regarding a limiting instruction regarding rehire.
- Exhibit 152. The document is related to Mr. Head's performance in 2019. The Rule 402 and 403 objections are sustained.
- Exhibit 105. The document is related to Mr. Head's performance in 2007. The Rule 402 and 403 objections are sustained.
- Exhibit 73. The document relates to a request for leave made by Mr. Head in 2017 so that he could care for his wife. The Rule 402 and 403 objections are overruled. The evidence is relevant to Plaintiff's theory that Costco wanted to fire him because it was tired of accommodating his multiple requests for leave. At the Final Pretrial Conference, Costco stated that it no longer objected to evidence that Mr. Head made requests for leave in the mid-2010's. Evidence of prior requests for leave and Costco's responses thereto are relevant and admissible. Evidence regarding the requests for transfers is entirely different from the leave requests and

have no significant connection to the alleged retaliatory motive for the denial of leave in 2022.

- Exhibit 25.  The document relates to a request for a wage advance that Mr. Head made in 2012.  The Rule 402 and 403 objections are sustained.
- Exhibit 14.  The document relates to a wage adjustment for Mr. Head that was done in 2011.  The Rule 402 and 403 objections are sustained.

## VI.     JURY INSTRUCTIONS AND VERDICT FORM

The Court shall address jury instructions in a separate order.  The Court defers ruling on a verdict form (until after jury instructions are finalized) but notes that it intends to use a general verdict form, and not a special one.

## VII.     JURY QUESTIONNAIRE & VOIR DIRE

A.   Jury Questionnaire

Each party has proposed five questions to be included in the jury questionnaire.  The Court has considered which questions are appropriate and modified them, as necessary.

- Have you ever had to review or enforce company policies regarding employee absences or resignations?
- Do you have any general beliefs or experiences that lead you to view large companies favorably or unfavorably regarding their employee relations?
- Do you have strong feelings about the way employers treat employees generally that might affect your ability to judge this individual case fairly?  If yes, please explain.
- Have you, a close family member, or friend had a positive or negative experience with an employer regarding a request for leave or workplace accommodation?  If yes, please explain.
- If you were to serve as a juror on this case, do you know of any reason you would not be able to judge either party fairly based on the evidence presented at trial to you?  If yes, please explain.

/ / /

<13>
<18>
<23>
<28>
<33>

<38>
<43>
<48>
<53>
<58>
<63>
<68>
<73>
<78>
<83>
<88>

<93>

<98>
<103>
<108>
<113>
<118>
<123>
<128>
<133>
<138>
<143>
<148>
<153>
<158>

<163>

<168>

<173>

<178>

<183>

<188>

<193>

<198>

<203>

<208>

<213>

<218>

<223>

<228>

<233>

<238>

<243>

<248>

<253>

<258>

<263>

<268>

<273>

<278>

<283>

<288>

<293>

<298>

<303>

<308>

<313>

<318>

<323>

<328>

<333>

<338>

<343>

<348>

<353>

<358>

<363>

<368>

<373>

<378>

<383>

<388>

<393>

<398>

<403>

<408>

<413>

<418>

<423>

<428>

<433>

<438>

<443>

<448>

<453>

<458>

<463>

<468>

<473>

<478>

<483>

<488>

<493>

<498>

<503>

<508>

<513>

<518>

<523>

<528>

<533>

<538>

<543>

<548>

<553>

<558>

<563>

<568>

<573>

<578>

<583>

<588>

<593>

<598>

<603>

<608>

<613>

<618>

<623>

<628>

<633>

<638>

<643>

<648>

<653>

<658>

<663>

<668>

<673>

<678>

<683>

<688>

<693>

<698>

<703>

<708>

<713>

<718>

<723>

<728>

<733>

<738>

<743>

<748>

<753>

<758>

<763>

<768>

<773>

<778>

<783>

<788>

<793>

<798>

<803>

<808>

<813>

<818>

<823>

<828>

<833>

<838>

<843>

<848>

<853>

<858>

<863>

<868>

<873>

<878>

<883>

<888>

<893>

<898>

<903>

<908>

<913>

<918>

<923>

<928>

<933>

<938>

<943>

<948>

<953>

<958>

<963>

<968>

<973>

<978>

<983>

<988>

<993>

<998>

<1003>

- Do you have any hesitation about making a large dollar award, if the evidence and law warrant such an award? If yes, please explain.

**IT IS SO ORDERED**.

Dated: November 3, 2025



EDWARD M. CHEN
United States District Judge