UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HEAD, | Case No.  24-cv-01203-EMC |
| Plaintiffs, | |
| v. | **COURT PROPOSED JURY INSTRUCTIONS** |
| COSTCO WHOLESALE CORPORATION, | |
| Defendants. | |

     Attached are the Court's proposed jury instructions.  The parties may file comments on the instructions by November 17, 2025.

     **IT IS SO ORDERED**.

Dated: November 3, 2025

_____
EDWARD M. CHEN
United States District Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# I.  **PRELIMINARY INSTRUCTIONS**

## **JURY INSTRUCTION NO. [1.3] DUTY OF JURY**

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Court Notes: 9th Cir. Model Instruction No. 1.3.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [_____] UNCONSCIOUS BIAS**

We all have feelings, assumptions, perceptions, fears, and stereotypes about others. Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases. No matter how unbiased we think we are, our brains are hard-wired to make unconscious decisions. We look at others and filter what they say through our own personal experience and background. Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own. We can also have biases about people like ourselves. One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in the case. You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias. Reconsider your first impressions of the people and the evidence in this case. If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another. You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness. Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases. Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

United States District Court
Northern District of California

3

Court Notes: It is the Court's practice to give the instruction above on unconscious bias.

1

2    **JURY INSTRUCTION NO. [1.5] CLAIMS AND DEFENSES**

3        To help you follow the evidence, I will give you a brief summary of the positions of the

parties:

4        The plaintiff is Terry Head.  The defendant is Costco Wholesale Corporation.  Mr. Head

5    was an employee of Costco.  He claims that, while he was an employee, Costco violated state law

6    by: (1) failing to give him a reasonable accommodation based on the disability of his wife; (2)

7    failing to engage in a good faith, interactive process to determine effective reasonable

8    accommodation, if any; (3) retaliating against him because he asked for a reasonable

9    accommodation; and (4) wrongfully terminating him because he asked for a reasonable

10   accommodation.

11       Mr. Head has the burden of proving his claims.

12       Costco denies Mr. Head's claims and further denies that Mr. Head suffered any injury

13   because of Costco's alleged conduct.

14

15       Court Notes: 9th Cir. Model Instruction No. 1.5 (modified).  The parties have submitted

16   competing instructions.  The Court has provided a temporary version.  As discussed at the Final

17   Pretrial Conference, the parties should meet and confer to see if they can reach agreement on an

18   instruction that provides more factual context and basic legal principles for the jury at the outset.

19   A proposed instruction on this point shall be filed by November 17, 2025.

20       Although the Court refers to a wrongful termination, this does not preclude Mr. Head from

21   arguing that his resignation was a constructive discharge.  *See Turner v. Anheuser-Busch, Inc.*, 7

22   Cal. 4th 1238, 1251 (1994) (stating that constructive discharge is "a doctrine that transforms what

23   is ostensibly a resignation into a firing"); *Valdez v. City of Los Angeles*, 231 Cal. App. 3d 1043,

24   1055 (1991) (stating that, "[i]n order to establish a constructive discharge, the employee must

25   show: '(1) the actions and conditions that caused the employee to resign were violative of public

26   policy; (2) these actions and conditions were so intolerable or aggravated at the time of the

27   employee's resignation that a reasonable person in the employee's position would have resigned;

28   and (3) facts and circumstances showing that the employer had actual or constructive knowledge

United States District Court
Northern District of California

of the intolerable actions and conditions and of their impact on the employee and could have remedied the situation'").

1

2

## JURY INSTRUCTION NO. [1.6] BURDEN OF PROOF –
## PREPONDERANCE OF THE EVIDENCE

3       When a party has the burden of proving any claim or affirmative defense by a

4 preponderance of the evidence, it means you must be persuaded by the evidence that the claim or

5 affirmative defense is more probably true than not true.

6       You should base your decision on all of the evidence, regardless of which party presented

7 it.

8

9       Court Notes: 9th Cir. Model Instruction No. 1.6.  The parties have stipulated to this

10 instruction.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [1.9] WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence;

3.    any facts to which the lawyers have agreed; and

4.    any facts that I [may instruct] [have instructed] you to accept as proved.


Court Notes: 9th Cir. Model Instruction No. 1.9.  The parties have stipulated to this instruction.

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [1.10] WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Court Notes: 9th Cir. Model Instruction No. 1.10. The parties have stipulated to this instruction.

1

## **JURY INSTRUCTION NO. [1.11] EVIDENCE FOR LIMITED PURPOSE**

2      Some evidence may be admitted only for a limited purpose.

3      When I instruct you that an item of evidence has been admitted only for a limited purpose,

4  you must consider it only for that limited purpose and not for any other purpose.

5

6      Court Notes: 9th Cir. Model Instruction No. 1.11.  The parties have stipulated to this

7  instruction.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

10

United States District Court
Northern District of California

1
2

## JURY INSTRUCTION NO. [1.12] DIRECT AND CIRCUMSTANTIAL EVIDENCE

3    Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

4 testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

5 evidence is proof of one or more facts from which you could find another fact.  You should

6 consider both kinds of evidence.  The law makes no distinction between the weight to be given to

7 either direct or circumstantial evidence.  It is for you to decide how much weight to give to any

8 evidence.

9    By way of example, if you wake up in the morning and see that the sidewalk is wet, you

10 may find from that fact that it rained during the night.  However, other evidence, such as a turned

11 on garden hose, may provide a different explanation for the presence of water on the sidewalk.

12 Therefore, before you decide that a fact has been proved by circumstantial evidence, you must

13 consider all the evidence in the light of reason, experience and common sense.

14

15    Court Notes: 9th Cir. Model Instruction No. 1.12.  The parties stipulated to the first

16 paragraph above.  The Court has included the second paragraph (highlighted above) which comes

17 from the Ninth Circuit comment: "It may be helpful to include an illustrative example in the

18 instruction."

19
20
21
22
23
24
25
26
27
28

1

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [1.13] RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Court Notes: 9th Cir. Model Instruction No. 1.13.  The parties stipulated to this instruction.

### <u>JURY INSTRUCTION NO. [1.14] CREDIBILITY OF WITNESSES</u>

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence corroborated or contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

You must avoid allowing your determination of credibility to be influenced by your own bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of

1    witnesses who testify.  What is important is how believable the witnesses were, and how much

2    weight you think their testimony deserves.

3

4        Court Notes: 9th Cir. Model Instruction No. 1.14 (modified).  The parties stipulated to the

5    model instruction.  The Court has modified the instruction slightly (as indicated by the highlighted

6    text).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. [1.15] CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

> Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it[,although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other

15

1    reference materials; and do not make any investigation or in any other way try to

2    learn about the case on your own.  Do not visit or view any place discussed in this

3    case, and do not use the Internet or any other resource to search for or view any

4    place discussed during the trial.  Also, do not do any research about this case, the

5    law, or the people involved – including the parties, the witnesses or the lawyers –

6    until you have been excused as jurors.  If you happen to read or hear anything

7    touching on this case in the media, turn away and report it to me as soon as

8    possible.

9        These rules protect each party's right to have this case decided only on evidence that has

10   been presented here in court.  Witnesses here in court take an oath to tell the truth, and the

11   accuracy of their testimony is tested through the trial process.  If you do any research or

12   investigation outside the courtroom, or gain any information through improper communications,

13   then your verdict may be influenced by inaccurate, incomplete or misleading information that has

14   not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial

15   jury, and if you decide the case based on information not presented in court, you will have denied

16   the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very

17   important that you follow these rules.

18       A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a

19   mistrial could result, requiring the entire trial process to start over].  If any juror is exposed to any

20   outside information, please notify the court immediately, by sending a note through the [clerk]

21   [bailiff] signed by any one or more of you.

22

23       Court Notes: 9th Cir. Model Instruction No. 1.15.  The parties stipulated to this instruction.

24

25

26

27

28

1

## <u>JURY INSTRUCTION NO. [1.17] NO TRANSCRIPT AVAILABLE</u>

2      I urge you to pay close attention to the trial testimony as it is given.  During deliberations

3 you will not have a transcript of the trial testimony.

4

5      Court Notes: 9th Cir. Model Instruction No. 1.17.  The parties stipulated to this instruction.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

### JURY INSTRUCTION NO. [1.18] TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Although the jury will have all the admitted exhibits during deliberation, you may want to note exhibit numbers in your notes if you think that will aid your memory. You will be given an index of exhibits at the end of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.


Court Notes: 9th Cir. Model Instruction No. 1.18.  The parties stipulated to the model instruction.  The Court has modified the instruction slightly (as indicated by the highlighted text).

**JURY INSTRUCTION NO. [1.19] QUESTIONS TO WITNESSES BY JURORS**

When attorneys have finished their examination of a witness, you may ask questions of the witness.  [Describe procedure to be used.]  If the rules of evidence do not permit a particular question, I will advise you.  After your questions, if any, the attorneys may ask additional questions.

Court Notes: 9th Cir. Model Instruction No. 1.19.  The Court discussed the issue of questions from the jury at the Final Pretrial Conference.  Both parties were amenable to questions from the jury; thus, the Court has now included this instruction.  The parties shall meet and confer to reach agreement on the specific procedure to be used (*e.g.*, soliciting questions from the jury before the witness is excused after direct, cross, and re-direct).  The parties shall also meet and confer on language to be used to describe the process.  The proposed instruction shall be filed by November 17, 2025.

1

2

## JURY INSTRUCTION NO. [1.20] BENCH CONFERENCES AND RECESSES

3    From time to time during the trial, it [may become] [became] necessary for me to talk with

4    the attorneys out of the hearing of the jury, either by having a conference at the bench when the

5    jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you

6    [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep

7    relevant information from you, but to decide how certain evidence is to be treated under the rules

8    of evidence and to avoid confusion and error.

9    Of course, we [will do] [have done] what we [can] [could] to keep the number and length

10    of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a

11    conference.  Do not consider my granting or denying a request for a conference as any indication

12    of my opinion of the case or of what your verdict should be.

13

14    Court Notes: 9th Cir. Model Instruction No. 1.20.  The parties have stipulated to this

15    instruction.

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [1.21] OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.


Court Notes: 9th Cir. Model Instruction No. 1.21.  The parties have stipulated to this instruction.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## II.  **INSTRUCTIONS DURING TRIAL**

### **JURY INSTRUCTION NO. [2.0] CAUTIONARY INSTRUCTION**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.

Court Notes: 9th Cir. Model Instruction No. 2.0.  The parties have stipulated to this instruction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## **JURY INSTRUCTION NO. [2.2] STIPULATIONS OF FACT**

The parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved.

Court Notes: 9th Cir. Model Instruction No. 2.2.  The parties have stipulated to this instruction.  The Court notes that the parties have included undisputed facts in their joint pretrial conference statement.  *See* Docket No. 62 (Jt. St. at 4-5).  The parties should meet and confer to determine whether any or all, or some version of, the stipulated facts should be included in the preliminary instructions to be given to the jury.  The parties shall report back by November 17, 2025.

1

2

## JURY INSTRUCTION NO. [2.4] DEPOSITION IN LIEU OF LIVE TESTIMONY

3    A deposition is the sworn testimony of a witness taken before trial.  The witness is placed

4  under oath to tell the truth and lawyers for each party may ask questions.  The questions and

5  answers are recorded.

6    Insofar as possible, you should consider deposition testimony, presented to you in court in

7  lieu of live testimony, in the same way as if the witness had been present to testify.

8

9    Court Notes: 9th Cir. Model Instruction No. 2.4.  This was a disputed instruction.  It is not

10  clear whether Mr. Head still intends to rely on deposition testimony following the Court's rulings

11  at the Final Pretrial Conference.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

## JURY INSTRUCTION NO. [2.9] IMPEACHMENT EVIDENCE – WITNESS

The evidence that a witness has lied under oath on a prior occasion or has made prior statements inconsistent with their testimony at trial may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Court Notes: 9th Cir. Model Instruction No. 2.9 (modified).  The parties have stipulated to the modified instruction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [2.14] CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Court Notes: 9th Cir. Model Instruction No. 2.14. The parties stipulated to this instruction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [2.15] CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the testimony or other admitted evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Court Notes: 9th Cir. Model Instruction No. 2.15.  The parties stipulated to this instruction.

1

## JURY INSTRUCTION NO. [_____] WHETHER PLAINTIFF SOUGHT

## REHIRE

3        ____.

4

5        Court Notes: This is a placeholder.  The parties shall meet and confer and file a proposed

6 limiting instruction, as discussed at the Final Pretrial Conference, by November 17, 2025.

1

2

### III. **<u>CLOSING INSTRUCTIONS</u>**

3

### **<u>JURY INSTRUCTION NO. [1.4] DUTY OF JURY</u>**

4        Members of the Jury: Now that you have heard all of the evidence [and the arguments of

5    the attorneys], it is my duty to instruct you on the law that applies to this case.

6        Each of you has received a copy of these instructions that you may take with you to the

7    jury room to consult during your deliberations.

8        It is your duty to find the facts from all the evidence in the case.  To those facts you will

9    apply the law as I give it to you.  You must follow the law as I give it to you whether you agree

10   with it or not.  And you must not be influenced by any personal likes or dislikes, opinions,

11   prejudices, or sympathy, <mark>or irrelevant biases whether conscious or unconscious</mark>.  That means that

12   you must decide the case solely on the evidence before you.  You will recall that you took an oath

13   to do so.

14       Please do not read into these instructions or anything that I may say or do or have said or

15   done that I have an opinion regarding the evidence or what your verdict should be.

16

17       Court Notes: 9th Cir. Model Instruction No. 1.4 (modified).  The parties stipulated to the

18   model instruction.  The Court has modified the instruction slightly (as indicated by the highlighted

19   text).

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. [1.6] BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Court Notes: 9th Cir. Model Instruction No. 1.6.  The parties have stipulated to this instruction.

## JURY INSTRUCTION NO. [1.9] WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I [may instruct] [have instructed] you to accept as proved.


Court Notes: 9th Cir. Model Instruction No. 1.9.  The parties have stipulated to this instruction.

## JURY INSTRUCTION NO. [1.10] WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered. In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

Court Notes: 9th Cir. Model Instruction No. 1.10. The parties have stipulated to this instruction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. [1.12] DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Court Notes: 9th Cir. Model Instruction No. 1.12.  The parties stipulated to this instruction.

United States District Court
Northern District of California

## **JURY INSTRUCTION NO. [1.14] CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence corroborated or contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

You must avoid allowing your determination of credibility to be influenced by your own bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of

witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Court Notes: 9th Cir. Model Instruction No. 1.14 (modified).  The parties stipulated to the model instruction.  The Court has modified the instruction slightly (as indicated by the highlighted text).

Costco has suggested that an additional instruction be given – "Suspicions, Conjecture, and Speculation Are Not Evidence."  *See* Docket No. 64 (Prop. Instr. at 111).  The instruction is not necessary given that this instruction will be given.

United States District Court
Northern District of California

35

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [4.1] CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT

All parties are equal before the law and a [corporation] [partnership] is entitled to the same fair and conscientious consideration by you as any party.

Court Notes: 9th Cir. Model Instruction No. 4.1.  The parties have stipulated to this instruction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## **JURY INSTRUCTION NO. [2.2] STIPULATIONS OF FACT**

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you].  You must therefore treat these facts as having been proved.

Court Notes: 9th Cir. Model Instruction No. 2.2.  The parties have stipulated to this instruction.  The Court notes that the parties have included undisputed facts in their joint pretrial conference statement.  *See* Docket No. 62 (Jt. St. at 4-5).  The parties should meet and confer to determine whether any or all, or some version of, the stipulated facts should be included in the preliminary instructions to be given to the jury.  They shall report back by November 17, 2025.

**JURY INSTRUCTION NO. [_____] CLAIMS AND DEFENSES**

Mr. Head asserts four claims against Costco:

    (1) failure to provide reasonable accommodation;

    (2) failure to engage in a good faith, interactive process to determine effective

        reasonable accommodation, if any;

    (3) retaliation; and

    (4) wrongful termination in violation of public policy.

Mr. Head has the burden of proving his claims.

Costco denies Mr. Head's claims and further denies that Mr. Head suffered any injury because of Costco's alleged conduct.


Court Notes: The Court is including this instruction to give a "roadmap" to the jury.

## JURY INSTRUCTION NO. [2541] FAILURE TO PROVIDE REASONABLE ACCOMMODATION – ESSENTIAL FACTUAL ELEMENTS

A claim for failure to accommodate can be based on a failure to accommodate a person who is associated with another person who has a physical or mental disability.  This is sometimes called "associational disability."  Here, Mr. Head claims that Costco failed to reasonably accommodate him by failing to give him additional leave to care for his disabled wife, who had cancer.  To establish this claim, Mr. Head must prove all of the following:

1.      That Mr. Head asked for a reasonable accommodation for himself because of his wife's cancer;

2.      That Costco failed to provide reasonable accommodation;

3.      That Mr. Head was harmed; and

4.      That Costco's failure to provide reasonable accommodation was a substantial factor in causing Mr. Head's harm.


Court Notes: CACI 2541 (modified).  The parties have offered competing instructions; both are modifications of CACI 2541 (which is the general instruction on reasonable accommodation, and not tailored to associational disability discrimination).  *See* Docket No. 64 (Prop. Instr. at 58-62).  The Court proposes its own version of the instruction (which includes a modification to the title of the instruction).

The main dispute between the parties is whether the instruction should include language about whether a reasonable accommodation was "available."  Costco wants to include such language ("That there was a reasonable accommodation available at the time Plaintiff requested an accommodation for his spouse's disability"); Mr. Head does not.  The Court has not included such language in its proposed version, but it has included language that should address Costco's overall concern – *i.e.*, that Mr. Head is contending he should have been given additional leave as a reasonable accommodation.  Costco is free to argue that additional leave was not a reasonable accommodation, and the jury will understand this argument particularly in light of the instruction on "reasonable accommodation" that follows.

1    To the extent Mr. Head asks that an additional instruction be given on "Associational

2    Disability," *see* Docket No. 64 (Prop. Instr. at 121), the request is denied.  The instruction is

3    unnecessary because the Court has added language above explaining that this case is predicated on

4    a theory of associational disability.

1

2

**JURY INSTRUCTION NO. [2542] "REASONABLE ACCOMMODATION"**
**EXPLAINED**

3        A reasonable accommodation is a reasonable change to the workplace that allows an

4  employee, who is associated with another person with a disability, to perform the essential duties

5  of the job.

6        Reasonable accommodation may include, for example, changing job responsibilities or

7  work schedules or providing a leave of absence.  However, an employer is not required to provide

8  an accommodation which would constitute an undue hardship on the employer.  An employer is

9  not required to provide an indefinite leave of absence.

10       If more than one accommodation is reasonable, an employer makes a reasonable

11  accommodation if it selects one of those accommodations in good faith.

12

13       Court Notes: CACI 2542 (modified).  The parties have submitted competing instructions.

14  *See* Docket No. 64 (Prop. Instr. at 63-67).  The instructions are largely the same, except that each

15  party has modified CACI 2542 by providing an example of when leave can be a reasonable

16  accommodation.  Mr. Head proposes: "Providing a leave of absence, including an extended leave

17  of absence."  Costco proposes:  "[Providing] a finite leave of absence with a specific return date."

18  The Court has proposed its own version of the instruction (including a modification to the title of

19  the instruction).  The Court's version renders Costco's additional proposed instruction on

20  indefinite leave moot.  *See* Docket No. 64 (Prop. Instr. at 103).  The Court also declines to give

21  Costco's supplemental proposed instruction defining what an indefinite leave of absence is.  *See*

22  Docket No. 74 (Prop. Instr. at 3).  The jury can use its common sense as to what constitutes an

23  indefinite leave.  The Court further declines to give Costco's additional proposed instruction that

24  "[e]mployers are not required to provide an unreasonable accommodation to an employee even if

25  providing that accommodation would not impose an undue hardship on the employer."  Docket

26  No. 74 (Prop. Instr. at 6).  The instruction is unnecessary because the Court is instructing the jury

27  that an employer is not required to provide an indefinite leave.

28       Contrary to what Mr. Head suggests, indefinite leave is not required as a reasonable

United States District Court
Northern District of California

accommodation under state law.  *See, e.g.*, *Zamora v. Security Industry Specialists, Inc.*, 71 Cal. App. 5th 1, 42 (2021) ("[A] finite leave can be a reasonable accommodation under FEHA, provided it is likely that at the end of the leave, the employee would be able to perform his or her duties. . . . An employer, however, is not required to provide an indefinite leave of absence as a reasonable accommodation.") (internal quotation marks omitted); *Nealy v. City of Santa Monica*, 234 Cal. App. 4th 359, 377-78 (2015) ("A finite leave of absence may be a reasonable accommodation to allow an employee time to recover, but FEHA does not require the employer to provide an indefinite leave of absence . . . ."); *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 226-27 (1999) ("'Reasonable accommodation does not require the employer to wait *indefinitely* for an employee's medical condition to be corrected.") (emphasis added).  California regulations are explicit on this point.  *See* 2 Cal. Code Reg. § 11068(c) ("When the employee cannot presently perform the essential functions of the job, or otherwise needs time away from the job for treatment and recovery, holding a job open for an employee on a leave of absence or extending a leave provided by the CFRA, the FMLA, other leave laws, or an employer's leave plan may be a reasonable accommodation provided that the leave is likely to be effective in allowing the employee to return to work at the end of the leave, with or without further reasonable accommodation, and does not create an undue hardship for the employer. . . . *An employer, however, is not required to provide an indefinite leave of absence as a reasonable accommodation*.") (emphasis added).  *See, e.g.*, *Gargano v. Plus One Holdings, Inc.*, No. 22-cv-00735-DMS-MMP, 2024 U.S. Dist. LEXIS 74968, at *15 (S.D. Cal. Apr. 24, 2024) (giving the following instruction: "When the employee cannot presently perform the essential functions of the job, or otherwise needs time away from the job for treatment and recovery, holding a job open for an employee on a leave of absence may be a reasonable accommodation provided that the leave is likely to be effective in allowing the employee to return to work at the end of the leave, with or without further reasonable accommodation, and does not create an undue hardship for the employer.  An employer, however, is not required to provide an indefinite leave of absence as a reasonable accommodation.").

The authority that Mr. Head cites is not to the contrary.  *See, e.g.*, *Sanchez v. Swissport,*

1    *Inc.*, 213 Cal. App. 4th 1331, 1338 (2013) ("[A] disabled employee is entitled to a reasonable

2    accommodation – which may include leave of no *statutorily* fixed duration – provided that such

3    accommodation does not impose an undue hardship on the employer.") (emphasis added).  The

4    two First Circuit cases he cites do not stand for the proposition that indefinite leave may be a

5    reasonable accommodation so long as it does not impose an undue hardship, and big companies

6    are less likely to have this be an issue.  *See Criado v. IBM Corp.*, 145 F.3d 437, 444 (1st Cir.

7    1998) ("Criado offered evidence tending to show that her leave would be temporary and would

8    allow her physician to design an effective treatment program.  Furthermore, IBM provides all

9    employees with 52 weeks of paid disability leave.  In explaining this policy an IBM management

10   representative testified that disability leaves did not financially burden IBM because it recognized

11   that it was always more profitable to allow an employee time to recover than to hire and train a

12   new employee.  This testimony prevents IBM from asserting that Criado's leave produced an

13   undue burden on its operations.  Also, Criado was not asking for more leave than would be

14   granted to a non-disabled, sick employee.  Because Criado's physician was optimistic that the

15   leave would ameliorate her disability, the jury could find her request a reasonable

16   accommodation."); *Ralph v. Lucent Techs*, 135 F.3d 166, 171-72 (1st Cir. 1998) ("The defendant

17   argues that it has already made a reasonable accommodation to the plaintiff's disability by giving

18   him 52 weeks of leave with pay, plus changing his work assignment and supervisor.  The duty to

19   provide reasonable accommodation is a continuing one, however, and not exhausted by one effort.

20   [¶] The very limited four-week accommodation ordered by the district court strikes us as

21   eminently reasonable; so reasonable, in fact, that we are puzzled that Lucent has drawn a line in

22   the sand at this point.  In colloquy with counsel, the district judge made it clear that if the plaintiff

23   failed this four-week test, that was the end of the matter.  [¶] We hold that the accommodation

24   ordered by the court was reasonable and in accord with the Americans With Disabilities Act.").

25

26

27

28

United States District Court
Northern District of California

1

2

## JURY INSTRUCTION NO. [_____] ACCOMMODATION LEAVE
## OBLIGATION FOR ASSOCIATIONAL DISABILITY UNCLEAR

3

4

5

~~During the relevant time period in this matter, the law was unclear regarding whether an employer was required to provide a leave as an accommodation based on someone's association with a person with a disability.~~

6

7

8

9

10

Court Notes: Costco has proposed this instruction.  *See* Docket No. 74 (Prop. Instr. at 9). The Court shall not give the instruction.  It serves no purpose.  The Court has already ruled (at summary judgment) that Plaintiff is not entitled to punitive damages.  The Court's evidentiary rulings do not allow Plaintiff to argue intentional discrimination by Costco.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

## JURY INSTRUCTION NO. [430] "SUBSTANTIAL FACTOR" (CAUSATION) EXPLAINED

3    A substantial factor in causing harm is a factor that a reasonable person would consider to

4    have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to

5    be the only cause of the harm.

6    Conduct is not a substantial factor in causing harm if the same harm would have occurred

7    without that conduct.

8

9    Court Notes: CACI 430.  The parties have stipulated to this instruction.  The Court has

10    modified the title of the instruction so that the jury has more clarity.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1
2

## JURY INSTRUCTION NO. [2546] FAILURE TO ENGAGE IN
## INTERACTIVE PROCESS – ESSENTIAL FACTUAL ELEMENTS

3    Mr. Head contends that Costco failed to engage in a good-faith interactive process with

4  him to determine whether it would be possible to implement effective reasonable accommodations

5  for him because of his wife's disability.  In order to establish this claim, Mr. Head must prove the

6  following:

7    1.    That Mr. Head asked for a reasonable accommodation for himself because of his

8  wife's disability;

9    2.    That Mr. Head was willing to participate in an interactive process to determine

10  whether reasonable accommodation could be made;

11    3.    That Costco failed to participate in a timely good-faith interactive process with Mr.

12  Head to determine whether reasonable accommodation could be made;

13    4.    That Costco could have made a reasonable accommodation when the interactive

14  process should have taken place;

15    5.    That Mr. Head was harmed; and

16    6.    That Costco's failure to engage in a good-faith interactive process was a substantial

17  factor in causing Mr. Head's harm.

18

19    Court Notes: CACI 2546.  The parties have offered competing instructions.  *See* Docket

20  No. 64 (Prop. Instr. at 68-72).  The Court generally finds Costco's version more reasonable but the

21  Court has made some modifications (including a modification to the title of the instruction).  The

22  Court has not included all elements from CACI 2546 (*e.g.*, that the wife's disability was known to

23  Costco and that Mr. Head asked Costco for a reasonable accommodation for his wife's condition)

24  because they are not in dispute.

25    The Court, however, shall not give Costco's additional proposed instruction that "The

26  Employee Must Identify a Reasonable Accommodation Available at the Time of the Interactive

27  Process."  Docket No. 64 (Prop. Instr. at 115).  It is unnecessary in light of this instruction.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

# JURY INSTRUCTION NO. [2505] RETALIATION – ESSENTIAL FACTUAL ELEMENTS

Mr. Head claims that Costco retaliated against him for requesting a reasonable accommodation.  Specifically, he claims that Costco retaliated by constructively firing him through its refusal to accommodate his request for leave to care for his wife.  To establish this claim, Mr. Head must prove all of the following:

1.    That Mr. Head asked for a reasonable accommodation for himself because of his wife's disability;

2.    That Costco constructively discharged him;

3.    That the constructive discharge was retaliatory in that it was substantially motivated by the fact that Mr. Head had on a number of occasions asked for leave to care for his disabled wife;

4.    That Mr. Head was harmed; and

5.    That the constructive discharge was a substantial factor in causing Mr. Head harm.

Mr. Head does not have to prove a failure to reasonably accommodate in order to be protected from retaliation.  If Mr. Head proves the elements of a retaliation claim, he may prevail on that claim even if he does not prevail on his separate claim for failure to accommodate.

On the other hand, the mere fact that Costco did not give Mr. Head an accommodation does not mean that it retaliated against Mr. Head.  If Costco denied the request for an accommodation to care for his wife because it believed the request was not reasonable, and not because he had made multiple requests for accommodation, that is not retaliation.


Court Notes:  CACI 2505 (modified).  The parties have submitted competing instructions. *See* Docket No. 64 (Prop. Instr. at 36-40).  The Court generally finds Costco's version more appropriate, but it has included the final paragraph (as suggested by Mr. Head, though the Court has made modifications) to make clear to the jury that he could prevail on the interactive claim but lose on the accommodation claim.  It has also added language to clarify that the mere failure to give an accommodation is not retaliation.

1    While Mr. Head's retaliation claim is based on his numerous requests for accommodation

2    to care for his wife, *see* Compl. ¶ 94 (in retaliation claim, alleging that "Plaintiff's requests for

3    accommodations to care for [his] ill and disabled wife were substantial motivating reasons for

4    Defendant['s] decision to terminate Plaintiff's employment"), this does not preclude introduction

5    of evidence of his requests for accommodation for his own medical condition as background.

6    The Court acknowledges Mr. Head's contention that Costco retaliated in more than one

7    way – *i.e.*, not just by forcing him to resign but also by failing to accommodate him and by failing

8    to rehire him.  But in his complaint, Mr. Head alleged that the retaliation consisted of the

9    termination only.  *See* Compl. ¶ 94 (alleging that "Plaintiff's requests for accommodations to care

10   for [his] ill and disabled wife were substantial motivating reasons for Defendants' decision to

11   terminate Plaintiff's employment.").  The Court's summary judgment order also stated that the

12   factual predicate for the claims going to trial would be limited to the termination only.  Mr. Head

13   never sought reconsideration of that ruling.

14   Furthermore, as indicated above, the Court rejects Mr. Head's suggestion that a denial of

15   an accommodation, by itself, can be per se retaliation.  This cannot be so or, otherwise, a

16   retaliation claim would always be brought with a claim of failure to accommodate.  What must be

17   proven is a motive to retaliate for engaging in protected conduct.

18   As for the alleged failure to rehire, the Court notes that Mr. Head is not arguing retaliation

19   because he made a request for an accommodation *at or about the time he sought rehire*.  (He no

20   longer needed an accommodation at the time he sought rehire because his wife had passed.)

21   Rather, Mr. Head is arguing retaliation (no rehiring) because he *previously* made requests for

22   accommodation (*i.e.*, while he was still an employee and before he was constructively discharged).

23   But this Court has already held in its summary judgment order that there is no longer a claim

24   based on failure to rehire.   In any event, there is no evidence that Costco declined to rehire

25   because of the prior requests for accommodation.  Mr. Maldonado was the main decisionmaker on

26   the rehire and he did not know anything about Mr. Head's wife other than that she had died

27   recently.  Indeed, for the intentional discrimination and related claims, the Court found no

28   evidence of animus on Mr. Maldanado's part with respect to the rehire and thus granted summary

United States District Court
Northern District of California

1   judgment in favor of Costco.

2        Accordingly, the Court limits the adverse employment action for the retaliation claim to

3   the alleged termination.  Furthermore, it does not include Mr. Head's additional instruction on

4   adverse employment action, *see* Docket No. 64 (Prop. Instr. at 52), because only the alleged

5   termination is at issue.

1

2

## JURY INSTRUCTION NO. [2510] "CONSTRUCTIVE DISCHARGE" EXPLAINED

3      A constructive discharge occurs when an employee resigns because of working conditions

4 – intentionally created or knowingly permitted by their employer – that are so intolerable that a

5 reasonable person in the plaintiff's position would have had no reasonable alternative except to

6 resign.

7      In order to be sufficiently intolerable, adverse working conditions must be unusually

8 aggravated or amount to a continuous pattern.  In general, single, trivial, or isolated acts of

9 misconduct are insufficient to support a constructive discharge.  But in some circumstances, a

10 single intolerable incident may constitute a constructive discharge.

11

12      Court Notes: CACI 2510 (modified).  Mr. Head proposes that an instruction on

13 constructive discharge be given; Costco opposes on the basis that this is not a constructive

14 discharge case.  The Court agrees with Mr. Head that an instruction should be given but has

15 modified the language of the instruction (including the title).

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JURY INSTRUCTION NO. [2507] "SUBSTANTIAL MOTIVATING REASON" EXPLAINED

A "substantial motivating reason" is a reason that actually contributed to the constructive discharge from employment.  It must be more than a remote or trivial reason.  It does not have to be the only reason motivating the discharge.


Court Notes: CACI 2407 (modified).  The parties have submitted competing instructions. *See* Docket No. 64 (Prop. Instr. at 41-44).  The Court agrees that the adverse employment action should be specified; however, it has modified Costco's proposed language.

1

2

United States District Court
Northern District of California

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. [2512] LIMITATION ON REMEDIES – SAME DECISION

In his retaliation claim, Mr. Head claims that he was constructively discharged in retaliation for his multiple requests for an accommodation, which is an *unlawful* retaliatory reason.

Costco disputes that there was a constructive discharge and contends that Mr. Head voluntarily resigned instead.  Costco also claims that, even if there was a constructive discharge, it was because Mr. Head had sought an indefinite leave of absence, which is a *lawful* reason to deny the accommodation request.

If you find that there was a constructive discharge and that retaliation was a substantial motivating reason for the discharge, you must then consider Costco's stated reason for the discharge.

If you find that Mr. Head asked for an indefinite leave and that his request for an indefinite leave was also a substantial motivating reason for the discharge, then you must determine whether Costco has proven that it would have discharged Mr. Head anyway at that time based on the request for indefinite leave even if it had not also been substantially motivated by retaliation.

In determining motivating factors, you must determine what actually motivated Costco, not what it might have been justified in doing.

If you find that Costco constructively discharged Mr. Head for a retaliatory reason, you will be asked to determine the amount of damages that he  is entitled to recover.  If, however, you find that Costco would have discharged Mr. Head anyway at that time because of a request for indefinite leave, then Mr. Head will not be entitled to reinstatement, back pay, or damages.

Court Notes: CACI 2512 (modified).  Costco has requested an instruction on "same decision"; Mr. Head opposes.  *See* Docket No. 64 (Prop. Instr. at 45-48).  The Court agrees with Costco that it is appropriate to give the instruction.  However, Costco's proposed instruction as phrased is inappropriate – it is too lengthy, it is too skewed in Costco's favor, and it is predicated on there being no constructive discharge instead of assuming that there was a discharge but that there was also a lawful reason for the discharge.  *See* Docket No. 64 (Prop. Instr. at 45)

(characterizing Costco's contention as follows: "Plaintiff was not discharged – he voluntarily resigned in June 2022 when he decided to remain on an indefinite leave of absence despite having no available leave benefits and failed to provide valid documentation to support an extended leave for his own medical condition").  The Court therefore has proposed its own version of the instruction.

The Court also notes that Costco has offered an instruction on pretext.  *See* Docket No. 64 (Prop. Instr. at 109-10).  The Court does not see the need for such an instruction.  There is no model instruction on pretext in CACI or in the Ninth Circuit Model Instructions.  *Cf.* 9th Cir. Model Instruction No. 10, Introductory Comment ("[A] *McDonnell Douglas* burden-shifting instruction should not be given in a Title VII case.  Cases discussing pretext and burden shifting arise only in the context of summary judgment and motions for judgment as a matter of law.").  There is no factual or legal basis for a pretext instruction here.

Costco has also offered an instruction on "Legitimate, Non-Retaliatory Reason Is a Defense."  *See* Docket No. 64 (Prop. Instr. at 113).  The instruction is unnecessary given that this instruction will be given, along with the instructions above and below.

1

2

## JURY INSTRUCTION NO. [2513] BUSINESS JUDGMENT FOR "AT WILL" EMPLOYMENT

3 ~~In California, employment is presumed to be "at will."  This means that an employer may~~

4 ~~terminate an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason,~~

5 ~~as long as its action is not for a retaliatory reason.~~

6

7    Court Notes: CACI 2513.  Costco has asked that the instruction be given; Mr. Head

8 opposes.  The Court finds that the instruction is not necessary given the instruction on the

9 retaliation claim.  Similarly, Costco's additional proposed instruction that "'Unfair' Decisions Are

10 Not Illegal" is not necessary.  *See* Docket No. 64 (Prop. Instr. at 106).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [2430, 2432] WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY – ESSENTIAL FACTUAL ELEMENTS

Mr. Head claims he was constructively discharged from employment for reasons that violate a public policy.  It is a violation of public policy to retaliate against a person because he has asked for a reasonable accommodation for himself due to an association with another person who has a physical or mental disability.  To establish this claim, Mr. Head must prove all of the following:

1.    That Costco constructively discharged Mr. Head.

2.    That a substantial motivating reason for the constructive discharge was because Mr. Head asked for a reasonable accommodation for himself because of his wife's disability

4.    That Mr. Head was harmed; and

5.    That the constructive discharge was a substantial factor in causing Mr. Head harm.

"Constructive discharge" is defined in Instruction No. [2510].

Court Notes: CACI 2430, 2432.  The parties have submitted competing instructions.  *See* Docket No. 64 (Prop. Instr. at 32-35, 55-57).  The Court has proposed its own version.

The Court, however, questions whether Mr. Head really needs separate claims for retaliation and wrongful termination (now that the Court has limited the adverse employment action for the retaliation claim to a wrongful termination).  The parties shall meet and confer on this instruction and report back on the results of their meet and confer on November 17, 2025.

55

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [5.1] DAMAGES – PROOF

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Mr. Head, you must determine his damages.  Mr. Head has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate Mr. Head for any injury you find was caused by Costco.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Court Notes: 9th Cir. Model Instruction No. 5.1.  The parties have offered competing instructions (for this instruction and the one that follows).  Costco proposes use of the Ninth Circuit model; Mr. Head proposes use of the CACI 3900 (the state model) instead.  There is no material difference between the two; thus, neither party will be prejudiced by use of one instruction over the other.  The Court defaults to use of the Ninth Circuit model but, in the instructions that follow, the Court includes language from CACI.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. [3902] ECONOMIC AND NONECONOMIC**

**DAMAGES**

The damages claimed by Mr. Head for the harm caused by Costco fall into two categories called economic damages and noneconomic damages. You will be asked on the verdict form to state the two categories of damages separately.

The following are the specific items of economic damages claimed by Mr. Head:

- the reasonable value of earnings and benefits lost up to the present time; and
- the reasonable value of earnings and benefits that with reasonable certainty will be lost in the future as a result of the injury.

The following are the specific items of noneconomic damages claimed by Mr. Head:

- Past and future physical pain, mental suffering, loss of enjoyment of life, inconvenience, anxiety, humiliation, and emotional distress.

No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

To recover for future noneconomic damages, Mr. Head must prove that he is reasonably certain to suffer that harm.

For future noneconomic damages, determine the amount in current dollars paid at the time of judgment that will compensate Mr. Head for future noneconomic damages.


Court Notes: CACI 3902, 3903, 3903C, 3905, 3905A; 9th Cir. Model Instruction No. 5.2. The Court has used language from both the CACI models and the Ninth Circuit model.

The Court acknowledges that Mr. Head has also asked that CACI 3903P be given. *See* Docket No. 64 (Prop. Instr. at 86). The Court declines to give the instruction as it may complicate matters for the jury. However, Mr. Head is free to argue to the jury that past and future lost earnings should be calculated along the lines provided by the instruction.

Costco's request for an additional instruction that "Litigation Stress [is] Not Recoverable" is denied. *See* Docket No. 64 (Prop. Instr. at 117). The instruction is not necessary as there is no indication that Mr. Head will argue that he should be compensated for such.

57

The Court also denies Costco's request that an instruction be given on "Emotional Distress Damages – Causation."  *See* Docket No. 64 (Prop. Instr. at 119).  The instruction is unnecessary in light of the previous instruction.

## JURY INSTRUCTION NO. [5.3] DAMAGES – MITIGATION

Mr. Head has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Costco has the burden of proving by a preponderance of the evidence:

First, that Mr. Head failed to use reasonable efforts to mitigate damages; and

Second, the amount by which damages would have been mitigated.


Court Notes: 9th Cir. Model Instruction No. 5.3.  Costco proposes the Ninth Circuit Model; Mr. Head the CACI model instead.  Mr. Head cites to CACI 6963, but that appears to be an error.  He likely meant to refer to CACI 3962 (Duty to Mitigate Damages for Future Lost Earnings").  The Court uses the Ninth Circuit model as it is more direct and concise.  Costco will not argue that Mr. Head should have mitigated damages through being rehired by Costco.

## JURY INSTRUCTION NO. [3925] ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES

The arguments of the attorneys are not evidence of damages. Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

Court Notes: CACI 3925. The parties have stipulated to this instruction.

1

2

## JURY INSTRUCTION NO. [3964] JURORS NOT TO CONSIDER

## ATTORNEY FEES AND COURT COSTS

3       You must not consider, or include as part of any award, attorney fees or expenses that the

4  parties incurred in bringing or defending this lawsuit.

5

6       Court Notes: CACI 3964.  The parties have stipulated to this instruction.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. [3924] NO PUNITIVE DAMAGES**

2       You must not include in your award any damages to punish or make an example of Costco.

3 Such damages would be punitive damages, and they cannot be a part of your verdict.   You must

4 award only the damages that fairly compensate Mr. Head for his loss, if any, caused by Costco.

5

6       Court Notes: CACI 3924.  The parties stipulated to this instruction.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [3.1] DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases, to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

1    Court Notes: 9th Cir. Model Instruction No. 3.1.  The parties have stipulated to the model

2    instruction.  The Court has modified the instruction slightly (as indicated by the highlighted text).

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. [3.2] CONSIDERATION OF EVIDENCE – CONDUDCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications,

65

then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Court Notes: 9th Cir. Model Instruction No. 3.2.  The parties have stipulated to the model instruction.  The Court has modified the instruction slightly (as indicated by the highlighted text).

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [2.16] EVIDENCE IN ELECTRONIC FORMAT

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any nonjuror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Court Notes: 9th Cir. Model Instruction No. 2.16.  The parties did not propose this

instruction, but it is not clear to the Court whether any evidence will be offered in electronic format.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. [3.3] COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Court Notes: 9th Cir. Model Instruction No. 3.3.  The parties have stipulated to this instruction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JURY INSTRUCTION NO. [3.5] RETURN OF VERDICT

A verdict form has been prepared for you.  [Explain verdict form as needed.]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

Court Notes: 9th Cir. Model Instruction No. 3.5.  The parties have stipulated to this instruction.

United States District Court
Northern District of California

1

## **JURY INSTRUCTION NO. [3.9] POST-DISCHARGE INSTRUCTION**

2      Now that the case has been concluded, some of you may have questions about the

3 confidentiality of the proceedings.  Now that the case is over, you are free to discuss it with any

4 person you choose.  By the same token, however, I would advise you that you are under no

5 obligation whatsoever to discuss this case with any person.

6      [If you do decide to discuss the case with anyone, I would suggest you treat it with a

7 degree of solemnity in that whatever you do decide to say, you would be willing to say in the

8 presence of the other jurors or under oath here in open court in the presence of all the parties.]

9      [Finally, always bear in mind that if you do decide to discuss this case, the other jurors

10 fully and freely stated their opinions with the understanding they were being expressed in

11 confidence.  Please respect the privacy of the views of the other jurors.]

12      [Finally, if you would prefer not to discuss the case with anyone, but are feeling undue

13 pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will

14 assist.]

15

16      Court Notes: 9th Cir. Model Instruction No. 3.9.  The parties have stipulated to this

17 instruction.

18

19

20

21

22

23

24

25

26

27

28

71

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV. **CONDITIONAL INSTRUCTIONS**

### **JURY INSTRUCTION NO. [3.4] READBACK OR PLAYBACK**

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Court Notes: 9th Cir. Model Instruction No. 3.4. The instruction will not be given as part of the closing instructions; it will be given only if needed during jury deliberations.

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [3.6] ADDITIONAL INSTRUCTIONS OF LAW

At this point I will give you an additional instruction.  By giving an additional instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this instruction was read separately to you.  You must consider this instruction together with all of the other instructions that were given to you.

[Insert text of new instruction.]

You will now retire to the jury room and continue your deliberations.

Court Notes: 9th Cir. Model Instruction No. 3.6.  The instruction will not be given as part of the closing instructions; it will be given only if needed during jury deliberations.

United States District Court
Northern District of California

### JURY INSTRUCTION NO. [3.8] CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED

[One] [Some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations.  You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors.  Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating.  All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.


Court Notes: 9th Cir. Model Instruction No. 3.8.  The instruction will not be given as part of the closing instructions; it will be given only if needed during jury deliberations.