UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HEAD, | Case No. 24-cv-01203-EMC |
| Plaintiffs, | |
| v. | **COURT FINAL JURY INSTRUCTIONS** |
| COSTCO WHOLESALE CORPORATION, | Docket Nos. 80-83 |
| Defendants. | |

Attached are the Court's final jury instructions. The Court reserves the right to modify the instructions, *e.g.*, depending on what transpires at trial or if there is good cause for a modification. The Court has maintained the "Court Notes" from the proposed instructions at Docket No. 79. The Court has added "Additional Court Notes" (in bold) in response to the parties' recent filings at Docket Nos. 80-83. As indicated by the Additional Court Notes, there is some additional meet and confer required.

The jury instructions that shall be provided to the jury shall be renumbered and shall not include either the Court Notes or the Additional Court Notes.

**IT IS SO ORDERED**.

Dated: November 20, 2025

_____
EDWARD M. CHEN
United States District Judge

# I.  **PRELIMINARY INSTRUCTIONS**

## **JURY INSTRUCTION NO. [1.3] DUTY OF JURY**

Members of the jury: You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.


Court Notes: 9th Cir. Model Instruction No. 1.3.  The parties have stipulated to this instruction.

**JURY INSTRUCTION NO. [＿＿] UNCONSCIOUS BIAS**

We all have feelings, assumptions, perceptions, fears, and stereotypes about others. Some biases we are aware of, and others we might not be fully aware of, which is why they are called implicit or unconscious biases. No matter how unbiased we think we are, our brains are hard-wired to make unconscious decisions. We look at others and filter what they say through our own personal experience and background. Because we all do this, we often see life and evaluate evidence in a way that tends to favor people who are like ourselves, or who have had life experiences like our own. We can also have biases about people like ourselves. One common example is the automatic association of male with career and female with family. Bias can affect our thoughts, how we remember what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors, you are being asked to make an important decision in the case. You must one, take the time you need to reflect carefully and thoughtfully about the evidence.

Two, think about why you are making the decision you are making and examine it for bias. Reconsider your first impressions of the people and the evidence in this case. If the people involved in this case were from different backgrounds, for example, richer or poorer, more or less educated, older or younger, or of a different gender, gender identity, race, religion or sexual orientation, would you still view them, and the evidence, the same way?

Three, listen to one another. You must carefully evaluate the evidence and resist, and help each other resist, any urge to reach a verdict influenced by bias for or against any party or witness. Each of you have different backgrounds and will be viewing this case in light of your own insights, assumptions and biases. Listening to different perspectives may help you to better identify the possible effects these hidden biases may have on decision making.

And four, resist jumping to conclusions based on personal likes or dislikes, generalizations, gut feelings, prejudices, sympathies, stereotypes, or unconscious biases.

The law demands that you make a fair decision based solely on the evidence, your individual evaluations of that evidence, your reason and common sense, and these instructions.

United States District Court
Northern District of California

Court Notes: It is the Court's practice to give the instruction above on unconscious bias.

United States District Court
Northern District of California

1

### **JURY INSTRUCTION NO. [1.5] CLAIMS AND DEFENSES**

2    ~~To help you follow the evidence, I will give you a brief summary of the positions of the~~

3    ~~parties:~~

4    ~~The plaintiff is Terry Head.  The defendant is Costco Wholesale Corporation.  Mr. Head~~

5    ~~was an employee of Costco.  He claims that, while he was an employee, Costco violated state law~~

6    ~~by: (1) failing to give him a reasonable accommodation based on the disability of his wife; (2)~~

7    ~~failing to engage in a good faith, interactive process to determine effective reasonable~~

8    ~~accommodation, if any; (3) retaliating against him because he asked for a reasonable~~

9    ~~accommodation; and (4) wrongfully terminating him because he asked for a reasonable~~

10   ~~accommodation.~~

11   ~~Mr. Head has the burden of proving his claims.~~

12   ~~Costco denies Mr. Head's claims and further denies that Mr. Head suffered any injury~~

13   ~~because of Costco's alleged conduct.~~

14   To help you follow the evidence, I will give you a brief summary of the positions of the

15   parties:

16   This is a lawsuit about an employee suing his former employer.  The employee is named

17   Terry Head, he is referred to as Mr. Head or Plaintiff.  The employer is Costco Wholesale

18   Corporation, and it is referred to as Costco or Defendant.

19   Mr. Head claims that, while he was an employee, Costco engaged in unlawful practices by:

20   (1)   Failing to provide reasonable accommodation based on the disability of his wife.

21   (2)   Failing to engage in the good faith interactive process to determine whether

22         reasonable accommodation could be made so that Terry Head could care for his

23         disabled wife.

24   (3)   Retaliating against him because he requested reasonable accommodation so that he

25         could care for his disabled wife.

26   (4)   Constructively discharging Mr. Head because he requested reasonable

27         accommodation so that he could care for his disabled wife.

28   Mr. Head has the burden of proving the claims.

5

Costco denies those claims and further denies that Mr. Head suffered any injury because of Costco's alleged conduct.

Court Notes: 9th Cir. Model Instruction No. 1.5 (modified).  The parties have submitted competing instructions.  The Court has provided a temporary version.  As discussed at the Final Pretrial Conference, the parties should meet and confer to see if they can reach agreement on an instruction that provides more factual context and basic legal principles for the jury at the outset. A proposed instruction on this point shall be filed by November 17, 2025.

Although the Court refers to a wrongful termination, this does not preclude Mr. Head from arguing that his resignation was a constructive discharge.  *See Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1251 (1994) (stating that constructive discharge is "a doctrine that transforms what is ostensibly a resignation into a firing"); *Valdez v. City of Los Angeles*, 231 Cal. App. 3d 1043, 1055 (1991) (stating that, "[i]n order to establish a constructive discharge, the employee must show: '(1) the actions and conditions that caused the employee to resign were violative of public policy; (2) these actions and conditions were so intolerable or aggravated at the time of the employee's resignation that a reasonable person in the employee's position would have resigned; and (3) facts and circumstances showing that the employer had actual or constructive knowledge of the intolerable actions and conditions and of their impact on the employee and could have remedied the situation'").

**Additional Court Notes:** The parties have stipulated to this instruction.  *See* Docket No. 80.  (The Court has made minor modifications to party name.)

1
2

# JURY INSTRUCTION NO. [1.6] BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

3    When a party has the burden of proving any claim or affirmative defense by a

4 preponderance of the evidence, it means you must be persuaded by the evidence that the claim or

5 affirmative defense is more probably true than not true.

6    You should base your decision on all of the evidence, regardless of which party presented

7 it.

8

9    Court Notes: 9th Cir. Model Instruction No. 1.6.  The parties have stipulated to this

10 instruction.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

7

## <u>JURY INSTRUCTION NO. [1.9] WHAT IS EVIDENCE</u>

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I [may instruct] [have instructed] you to accept as proved.


Court Notes: 9th Cir. Model Instruction No. 1.9.  The parties have stipulated to this instruction.

### <u>JURY INSTRUCTION NO. [1.10] WHAT IS NOT EVIDENCE</u>

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)　　Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)　　Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)　　Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)　　Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.


Court Notes: 9th Cir. Model Instruction No. 1.10.  The parties have stipulated to this instruction.

1

## **JURY INSTRUCTION NO. [1.11] EVIDENCE FOR LIMITED PURPOSE**

2       Some evidence may be admitted only for a limited purpose.

3       When I instruct you that an item of evidence has been admitted only for a limited purpose,

4  you must consider it only for that limited purpose and not for any other purpose.

5

6       Court Notes: 9th Cir. Model Instruction No. 1.11.  The parties have stipulated to this

7  instruction.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1
2

### JURY INSTRUCTION NO. [1.12] DIRECT AND CIRCUMSTANTIAL EVIDENCE

3    Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

4    testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

5    evidence is proof of one or more facts from which you could find another fact.  You should

6    consider both kinds of evidence.  The law makes no distinction between the weight to be given to

7    either direct or circumstantial evidence.  It is for you to decide how much weight to give to any

8    evidence.

9    By way of example, if you wake up in the morning and see that the sidewalk is wet, you

10   may find from that fact that it rained during the night.  However, other evidence, such as a turned

11   on garden hose, may provide a different explanation for the presence of water on the sidewalk.

12   Therefore, before you decide that a fact has been proved by circumstantial evidence, you must

13   consider all the evidence in the light of reason, experience and common sense.

14

15   Court Notes: 9th Cir. Model Instruction No. 1.12.  The parties stipulated to the first

16   paragraph above.  The Court has included the second paragraph (highlighted above) which comes

17   from the Ninth Circuit comment: "It may be helpful to include an illustrative example in the

18   instruction."

19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

1

## <u>JURY INSTRUCTION NO. [1.13] RULING ON OBJECTIONS</u>

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Court Notes: 9th Cir. Model Instruction No. 1.13.  The parties stipulated to this instruction.

## JURY INSTRUCTION NO. [1.14] CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence corroborated or contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

You must avoid allowing your determination of credibility to be influenced by your own bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of

witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Court Notes: 9th Cir. Model Instruction No. 1.14 (modified).  The parties stipulated to the model instruction.  The Court has modified the instruction slightly (as indicated by the highlighted text).

United States District Court
Northern District of California

1

## JURY INSTRUCTION NO. [1.15] CONDUCT OF THE JURY

2     I will now say a few words about your conduct as jurors.

3     First, keep an open mind throughout the trial, and do not decide what the verdict should be

4  until you and your fellow jurors have completed your deliberations at the end of the case.

5     Second, because you must decide this case based only on the evidence received in the case

6  and on my instructions as to the law that applies, you must not be exposed to any other

7  information about the case or to the issues it involves during the course of your jury duty.  Thus,

8  until the end of the case or unless I tell you otherwise:

9          Do not communicate with anyone in any way and do not let anyone else

10         communicate with you in any way about the merits of the case or anything to do

11         with it.  This includes discussing the case in person, in writing, by phone, tablet, or

12         computer, or any other electronic means, via email, text messaging, or any internet

13         chat room, blog, website or application, including but not limited to Facebook,

14         YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn,

15         Snapchat, TikTok, or any other forms of social media. This applies to

16         communicating with your fellow jurors until I give you the case for deliberation,

17         and it applies to communicating with everyone else including your family

18         members, your employer, the media or press, and the people involved in the trial,

19         although you may notify your family and your employer that you have been seated

20         as a juror in the case, and how long you expect the trial to last.  But, if you are

21         asked or approached in any way about your jury service or anything about this case,

22         you must respond that you have been ordered not to discuss the matter and report

23         the contact to the court.

24         Because you will receive all the evidence and legal instruction you properly

25         may consider to return a verdict:  do not read, watch or listen to any news or media

26         accounts or commentary about the case or anything to do with it[,although I have

27         no information that there will be news reports about this case]; do not do any

28         research, such as consulting dictionaries, searching the Internet, or using other

15

reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings [, and a mistrial could result, requiring the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately, by sending a note through the [clerk] [bailiff] signed by any one or more of you.


Court Notes: 9th Cir. Model Instruction No. 1.15.  The parties stipulated to this instruction.

United States District Court
Northern District of California

1

**<u>JURY INSTRUCTION NO. [1.17] NO TRANSCRIPT AVAILABLE</u>**

2

I urge you to pay close attention to the trial testimony as it is given.  During deliberations

3

you will not have a transcript of the trial testimony.

4

5

Court Notes: 9th Cir. Model Instruction No. 1.17.  The parties stipulated to this instruction.

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [1.18] TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you go to the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Although the jury will have all the admitted exhibits during deliberation, you may want to note exhibit numbers in your notes if you think that will aid your memory.  You will be given an index of exhibits at the end of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of other jurors.

Court Notes: 9th Cir. Model Instruction No. 1.18.  The parties stipulated to the model instruction.  The Court has modified the instruction slightly (as indicated by the highlighted text).

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### JURY INSTRUCTION NO. [1.19] QUESTIONS TO WITNESSES BY JURORS

~~When attorneys have finished their examination of a witness, you may ask questions of the witness.  [Describe procedure to be used.]  If the rules of evidence do not permit a particular question, I will advise you.  After your questions, if any, the attorneys may ask additional questions.~~

When attorneys have finished their examination of a witness, you will be allowed to propose written questions to the witness.

You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness.  If you propose any questions, remember that your role is that of a neutral fact finder, not an attorney or advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court.  Do not sign the question.  I will review the question with the attorneys for the parties to determine if it is permissible.

There are some proposed questions that I will not permit, or will not ask in the exact wording submitted by the juror.  This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case.  If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so.  It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

After your questions, if any, the attorneys may ask additional questions to the witness.

Court Notes: 9th Cir. Model Instruction No. 1.19.  The Court discussed the issue of questions from the jury at the Final Pretrial Conference.  Both parties were amenable to questions from the jury; thus, the Court has now included this instruction.  The parties shall meet and confer

19

to reach agreement on the specific procedure to be used (*e.g.*, soliciting questions from the jury before the witness is excused after direct, cross, and re-direct). The parties shall also meet and confer on language to be used to describe the process. The proposed instruction shall be filed by November 17, 2025.

**Additional Court Notes:** The parties have stipulated to this instruction. *See* Docket No. 80.

## JURY INSTRUCTION NO. [1.20] BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess.  Please understand that while you [are] [were] waiting, we [are] [were] working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum.  I [may] [did] not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Court Notes: 9th Cir. Model Instruction No. 1.20.  The parties have stipulated to this instruction.

United States District Court
Northern District of California

1

## JURY INSTRUCTION NO. [1.21] OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Court Notes: 9th Cir. Model Instruction No. 1.21. The parties have stipulated to this instruction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.  **INSTRUCTIONS DURING TRIAL**

### **JURY INSTRUCTION NO. [2.0] CAUTIONARY INSTRUCTION**

**At the End of Each Day of the Case:**

As I indicated before this trial started, you as jurors will decide this case based solely on the evidence presented in this courtroom.  This means that, after you leave here for the night, you must not conduct any independent research about this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case.  This is important for the same reasons that jurors have long been instructed to limit their exposure to traditional forms of media information such as television and newspapers.  You also must not communicate with anyone, in any way, about this case.  And you must ignore any information about the case that you might see while browsing the internet or your social media feeds.

**At the Beginning of Each Day of the Case:**

As I reminded you yesterday and continue to emphasize to you today, it is important that you decide this case based solely on the evidence and the law presented here.  So you must not learn any additional information about the case from sources outside the courtroom.  To ensure fairness to all parties in this trial, I will now ask each of you whether you have learned about or shared any information about this case outside of this courtroom, even if it was accidental.

If you think that you might have done so, please let me know now by raising your hand. [Wait for a show of hands].  I see no raised hands; however, if you would prefer to talk to the court privately in response to this question, please notify a member of the court's staff at the next break.  Thank you for your careful adherence to my instructions.

Court Notes: 9th Cir. Model Instruction No. 2.0.  The parties have stipulated to this instruction.

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [2.2] STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you.  You must therefore treat these facts as having been proved.

i.  Plaintiff, Terry Head, was employed by Defendant, Costco Wholesale Corporation, from October 23, 1993, until June 2022, starting and ending his employment at the Livermore warehouse.

ii.  Mr. Head's wife, Janice Head, was suffering from a disability during the relevant period.  Specifically, she was diagnosed with cancer in or around 2014.

iii.  Mr. Head began utilizing intermittent FMLA leave following his wife's cancer diagnosis.

iv.  From March 15, 2021, to June 2021, Mr. Head was on leave to care for his wife.

v.  Mr. Head exhausted his FMLA/CFRA benefits on or about June 15, 2021.

vi.  Costco granted Mr. Head a subsequent leave of absence for his own "serious health condition" from June 15, 2021, through February 2022.

vii.  On February 1, 2022, while Mr. Head was still on leave, Costco sent him a letter advising that his medical leave of absence due to his own health condition was due to expire soon.

viii.  On February 7, 2022, Mr. Head provided a medical note for his own health condition, which indicated that he was excused from work until May 7, 2022, which Costco approved.

ix.  On March 29, 2022, Costco sent Mr. Head a letter, confirming the February 7, 2022 medical note that Mr. Head provided, and advising that his leave for his own health condition had been approved through May 7, 2022.

x.  On April 3, 2022, Mr. Head provided a handwritten letter to Costco regarding his request for additional leave to care for his wife.

xi.  On April 6, 2022, Mr. Head submitted a doctor's note which stated that he was "[p]hysically able to work but his chronically ill wife depends on him 24 hours daily. So, for this reason, he cannot return to work.  We will reassess his work

24

1        status on 1/1/23."

2    xii.    Mr. Head did not return to work on May 8, 2022.

3    xiii.    On June 27, 2022, Costco sent Mr. Head a letter, regarding, among other things, his

4        leave of absence.

5    xiv.    On June 30, 2022, Mr. Head submitted a resignation form citing the reason for his

6        resignation as "to take care of chronically ill wife."

7    xv.    Mr. Head's wife passed away on April 29, 2023.

8

9        Court Notes: 9th Cir. Model Instruction No. 2.2.  The parties have stipulated to this

10    instruction.  The Court notes that the parties have included undisputed facts in their joint pretrial

11    conference statement.  *See* Docket No. 62 (Jt. St. at 4-5).  The parties should meet and confer to

12    determine whether any or all, or some version of, the stipulated facts should be included in the

13    preliminary instructions to be given to the jury.  The parties shall report back by November 17,

14    2025.

15

16        **Additional Court Notes:** The parties have stipulated to the facts above.  *See* Docket No.

17    83.  (The Court has made minor modifications to party name.)  The parties shall meet and confer

18    to see if they can reach agreement on when exactly the stipulated facts should be read to the jury –

19    *e.g.*, before opening statements or before the first witness testifies.  The parties shall report back

20    by November 26, 2025.  The parties are advised that whatever timing is decided upon, they should

21    prompt the Court, during trial, as to when the stipulated facts should be read to the jury.

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

## JURY INSTRUCTION NO. [2.4] DEPOSITION IN LIEU OF LIVE TESTIMONY

3      A deposition is the sworn testimony of a witness taken before trial.  The witness is placed

4  under oath to tell the truth and lawyers for each party may ask questions.  The questions and

5  answers are recorded.

6      Insofar as possible, you should consider deposition testimony, presented to you in court in

7  lieu of live testimony, in the same way as if the witness had been present to testify.

8

9      Court Notes: 9th Cir. Model Instruction No. 2.4.  This was a disputed instruction.  It is not

10  clear whether Mr. Head still intends to rely on deposition testimony following the Court's rulings

11  at the Final Pretrial Conference.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### **JURY INSTRUCTION NO. [2.9] IMPEACHMENT EVIDENCE – WITNESS**

The evidence that a witness has lied under oath on a prior occasion or has made prior statements inconsistent with their testimony at trial may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Court Notes: 9th Cir. Model Instruction No. 2.9 (modified).  The parties have stipulated to the modified instruction.

1

## JURY INSTRUCTION NO. [2.14] CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not admitted into evidence [may be] [have been] shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Court Notes: 9th Cir. Model Instruction No. 2.14. The parties stipulated to this instruction.

1

### JURY INSTRUCTION NO. [2.15] CHARTS AND SUMMARIES RECEIVED

2

### IN EVIDENCE

3
 Certain charts and summaries [may be] [have been] admitted into evidence to illustrate

4
information brought out in the trial. Charts and summaries are only as good as the testimony or

5
other admitted evidence that supports them. You should, therefore, give them only such weight as

6
you think the underlying evidence deserves.

7

8
 Court Notes: 9th Cir. Model Instruction No. 2.15.  The parties stipulated to this instruction.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY INSTRUCTION NO. [_____] WHETHER PLAINTIFF SOUGHT REHIRE

Members of the jury, you may hear evidence related to the issue of potential rehire.

This evidence is admitted only for the limited purpose of providing context regarding the circumstances of Mr. Head's separation from Costco when he submitted a resignation form on June 30, 2022. Whether Mr. Head did or did not seek rehire after his separation, and how Costco may have handled any request for rehire, is not relevant to any issue you are to decide in this case. Put another way, the only issues for you to decide in this matter pertain to the time period including and prior to June 30, 2022.

You must not speculate about whether Mr. Head reapplied, about any response by Costco to any request for rehire, or about the reasons for any such response. You must not consider any such matters for any purpose, including but not limited to liability, causation, mitigation of damages, or the amount of any damages. Your verdict must be based solely on the evidence admitted for relevant purposes and the law as I instruct you.

Court Notes: This is a placeholder. The parties shall meet and confer and file a proposed limiting instruction, as discussed at the Final Pretrial Conference, by November 17, 2025.

**Additional Court Notes:** The parties stipulated to the instruction above. *See* Docket No. 82. (The Court has made minor modifications to party name.) The Court expects Mr. Head to request that the instruction be given at the appropriate time during testimony. Costco may also ask that the instruction be given.

## III. **<u>CLOSING INSTRUCTIONS</u>**

### **<u>JURY INSTRUCTION NO. [1.4] DUTY OF JURY</u>**

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you on the law that applies to this case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy, <mark>or irrelevant biases whether conscious or unconscious</mark>. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

Court Notes: 9th Cir. Model Instruction No. 1.4 (modified). The parties stipulated to the model instruction. The Court has modified the instruction slightly (as indicated by the highlighted text).

1
2

### JURY INSTRUCTION NO. [1.6] BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

3     When a party has the burden of proving any claim or affirmative defense by a

4   preponderance of the evidence, it means you must be persuaded by the evidence that the claim or

5   affirmative defense is more probably true than not true.

6     You should base your decision on all of the evidence, regardless of which party presented

7   it.

8

9     Court Notes: 9th Cir. Model Instruction No. 1.6.  The parties have stipulated to this

10   instruction.

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [1.9] WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I [may instruct] [have instructed] you to accept as proved.


Court Notes: 9th Cir. Model Instruction No. 1.9.  The parties have stipulated to this instruction.

## <u>JURY INSTRUCTION NO. [1.10] WHAT IS NOT EVIDENCE</u>

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)    Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)    Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition, some evidence [may be] [was] received only for a limited purpose; when I [instruct] [have instructed] you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)    Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.


Court Notes: 9th Cir. Model Instruction No. 1.10.  The parties have stipulated to this instruction.

United States District Court
Northern District of California

1

2

## **JURY INSTRUCTION NO. [1.12] DIRECT AND CIRCUMSTANTIAL EVIDENCE**

3       Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

4   testimony by a witness about what that witness personally saw or heard or did.  Circumstantial

5   evidence is proof of one or more facts from which you could find another fact.  You should

6   consider both kinds of evidence.  The law makes no distinction between the weight to be given to

7   either direct or circumstantial evidence.  It is for you to decide how much weight to give to any

8   evidence.

9

10       Court Notes: 9th Cir. Model Instruction No. 1.12.  The parties stipulated to this instruction.

**JURY INSTRUCTION NO. [1.14] CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence corroborated or contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

You must avoid allowing your determination of credibility to be influenced by your own bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of

witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.


Court Notes: 9th Cir. Model Instruction No. 1.14 (modified).  The parties stipulated to the model instruction.  The Court has modified the instruction slightly (as indicated by the highlighted text).

Costco has suggested that an additional instruction be given – "Suspicions, Conjecture, and Speculation Are Not Evidence."  *See* Docket No. 64 (Prop. Instr. at 111).  The instruction is not necessary given that this instruction will be given.

United States District Court
Northern District of California

1

2

## JURY INSTRUCTION NO. [4.1] CORPORATIONS AND PARTNERSHIPS – FAIR TREATMENT

3      All parties are equal before the law and a [corporation] [partnership] is entitled to the same

4 fair and conscientious consideration by you as any party.

5

6      Court Notes: 9th Cir. Model Instruction No. 4.1.  The parties have stipulated to this

7 instruction.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [2.2] STIPULATIONS OF FACT

The parties have agreed to certain facts to be placed in evidence as Exhibit [___] [that will be read to you].  You must therefore treat these facts as having been proved.

Court Notes: 9th Cir. Model Instruction No. 2.2.  The parties have stipulated to this instruction.  The Court notes that the parties have included undisputed facts in their joint pretrial conference statement.  *See* Docket No. 62 (Jt. St. at 4-5).  The parties should meet and confer to determine whether any or all, or some version of, the stipulated facts should be included in the preliminary instructions to be given to the jury.  They shall report back by November 17, 2025.

**Additional Court Notes:** The parties shall meet and confer, and report back by November 26, 2025, on whether they would like this instruction to be given and, if so, whether they would prefer the stipulated facts to be read aloud to the jury or submitted to the jury via an exhibit.  *See* Docket No. 83 (stipulated facts).

**JURY INSTRUCTION NO. [_____] CLAIMS AND DEFENSES**

Mr. Head asserts four claims against Costco:

    (1) failure to provide reasonable accommodation;

    (2) failure to engage in a good faith, interactive process to determine effective

        reasonable accommodation, if any;

    (3) retaliation; and

    (4) wrongful termination in violation of public policy.

Mr. Head has the burden of proving his claims.

Costco denies Mr. Head's claims and further denies that Mr. Head suffered any injury because of Costco's alleged conduct.


Court Notes: The Court is including this instruction to give a "roadmap" to the jury.

### JURY INSTRUCTION NO. [2541] FAILURE TO PROVIDE REASONABLE ACCOMMODATION – ESSENTIAL FACTUAL ELEMENTS

A claim for failure to accommodate can be based on a failure to accommodate a person who is associated with another person who has a physical or mental disability.  This is sometimes called "associational disability."  Here, Mr. Head claims that Costco failed to reasonably accommodate him by failing to give him additional leave to care for his disabled wife, who had cancer.  To establish this claim, Mr. Head must prove all of the following:

1.    That Mr. Head asked for a reasonable accommodation for himself because of his wife's cancer;

2.    That Costco failed to provide reasonable accommodation;

3.    That Mr. Head was harmed; and

4.    That Costco's failure to provide reasonable accommodation was a substantial factor in causing Mr. Head's harm.


Court Notes: CACI 2541 (modified).  The parties have offered competing instructions; both are modifications of CACI 2541 (which is the general instruction on reasonable accommodation, and not tailored to associational disability discrimination).  *See* Docket No. 64 (Prop. Instr. at 58-62).  The Court proposes its own version of the instruction (which includes a modification to the title of the instruction).

The main dispute between the parties is whether the instruction should include language about whether a reasonable accommodation was "available."  Costco wants to include such language ("That there was a reasonable accommodation available at the time Plaintiff requested an accommodation for his spouse's disability"); Mr. Head does not.  The Court has not included such language in its proposed version, but it has included language that should address Costco's overall concern – *i.e.*, that Mr. Head is contending he should have been given additional leave as a reasonable accommodation.  Costco is free to argue that additional leave was not a reasonable accommodation, and the jury will understand this argument particularly in light of the instruction on "reasonable accommodation" that follows.

To the extent Mr. Head asks that an additional instruction be given on "Associational Disability," *see* Docket No. 64 (Prop. Instr. at 121), the request is denied. The instruction is unnecessary because the Court has added language above explaining that this case is predicated on a theory of associational disability.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### JURY INSTRUCTION NO. [2542] "REASONABLE ACCOMMODATION" EXPLAINED

A reasonable accommodation is a reasonable change to the workplace that allows an employee, who is associated with another person with a disability, to perform the essential duties of the job.

Reasonable accommodation may include, for example, changing job responsibilities or work schedules or providing a leave of absence. However, an employer is not required to provide an accommodation which would constitute an undue hardship on the employer. An employer is not required to provide an indefinite leave of absence.

If more than one accommodation is reasonable, an employer makes a reasonable accommodation if it selects one of those accommodations in good faith.

Court Notes: CACI 2542 (modified). The parties have submitted competing instructions. *See* Docket No. 64 (Prop. Instr. at 63-67). The instructions are largely the same, except that each party has modified CACI 2542 by providing an example of when leave can be a reasonable accommodation. Mr. Head proposes: "Providing a leave of absence, including an extended leave of absence." Costco proposes: "[Providing] a finite leave of absence with a specific return date." The Court has proposed its own version of the instruction (including a modification to the title of the instruction). The Court's version renders Costco's additional proposed instruction on indefinite leave moot. *See* Docket No. 64 (Prop. Instr. at 103). The Court also declines to give Costco's supplemental proposed instruction defining what an indefinite leave of absence is. *See* Docket No. 74 (Prop. Instr. at 3). The jury can use its common sense as to what constitutes an indefinite leave. The Court further declines to give Costco's additional proposed instruction that "[e]mployers are not required to provide an unreasonable accommodation to an employee even if providing that accommodation would not impose an undue hardship on the employer." Docket No. 74 (Prop. Instr. at 6). The instruction is unnecessary because the Court is instructing the jury that an employer is not required to provide an indefinite leave.

Contrary to what Mr. Head suggests, indefinite leave is not required as a reasonable

43

1    accommodation under state law.  *See, e.g.*, *Zamora v. Security Industry Specialists, Inc.*, 71 Cal.

2    App. 5th 1, 42 (2021) ("[A] finite leave can be a reasonable accommodation under FEHA,

3    provided it is likely that at the end of the leave, the employee would be able to perform his or her

4    duties. . . . An employer, however, is not required to provide an indefinite leave of absence as a

5    reasonable accommodation.") (internal quotation marks omitted); *Nealy v. City of Santa Monica*,

6    234 Cal. App. 4th 359, 377-78 (2015) ("A finite leave of absence may be a reasonable

7    accommodation to allow an employee time to recover, but FEHA does not require the employer to

8    provide an indefinite leave of absence . . . ."); *Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215,

9    226-27 (1999) ("'Reasonable accommodation does not require the employer to wait *indefinitely*

10    for an employee's medical condition to be corrected.") (emphasis added).  California regulations

11    are explicit on this point.  *See* 2 Cal. Code Reg. § 11068(c) ("When the employee cannot presently

12    perform the essential functions of the job, or otherwise needs time away from the job for treatment

13    and recovery, holding a job open for an employee on a leave of absence or extending a leave

14    provided by the CFRA, the FMLA, other leave laws, or an employer's leave plan may be a

15    reasonable accommodation provided that the leave is likely to be effective in allowing the

16    employee to return to work at the end of the leave, with or without further reasonable

17    accommodation, and does not create an undue hardship for the employer. . . . *An employer,*

18    *however, is not required to provide an indefinite leave of absence as a reasonable*

19    *accommodation*.") (emphasis added).  *See, e.g.*, *Gargano v. Plus One Holdings, Inc.*, No. 22-cv-

20    00735-DMS-MMP, 2024 U.S. Dist. LEXIS 74968, at *15 (S.D. Cal. Apr. 24, 2024) (giving the

21    following instruction: "When the employee cannot presently perform the essential functions of the

22    job, or otherwise needs time away from the job for treatment and recovery, holding a job open for

23    an employee on a leave of absence may be a reasonable accommodation provided that the leave is

24    likely to be effective in allowing the employee to return to work at the end of the leave, with or

25    without further reasonable accommodation, and does not create an undue hardship for the

26    employer.  An employer, however, is not required to provide an indefinite leave of absence as a

27    reasonable accommodation.").

28            The authority that Mr. Head cites is not to the contrary.  *See, e.g.*, *Sanchez v. Swissport,*

United States District Court
Northern District of California

*Inc.*, 213 Cal. App. 4th 1331, 1338 (2013) ("[A] disabled employee is entitled to a reasonable accommodation – which may include leave of no *statutorily* fixed duration – provided that such accommodation does not impose an undue hardship on the employer.") (emphasis added).  The two First Circuit cases he cites do not stand for the proposition that indefinite leave may be a reasonable accommodation so long as it does not impose an undue hardship, and big companies are less likely to have this be an issue.  *See Criado v. IBM Corp.*, 145 F.3d 437, 444 (1st Cir. 1998) ("Criado offered evidence tending to show that her leave would be temporary and would allow her physician to design an effective treatment program.  Furthermore, IBM provides all employees with 52 weeks of paid disability leave.  In explaining this policy an IBM management representative testified that disability leaves did not financially burden IBM because it recognized that it was always more profitable to allow an employee time to recover than to hire and train a new employee.  This testimony prevents IBM from asserting that Criado's leave produced an undue burden on its operations.  Also, Criado was not asking for more leave than would be granted to a non-disabled, sick employee.  Because Criado's physician was optimistic that the leave would ameliorate her disability, the jury could find her request a reasonable accommodation."); *Ralph v. Lucent Techs*, 135 F.3d 166, 171-72 (1st Cir. 1998) ("The defendant argues that it has already made a reasonable accommodation to the plaintiff's disability by giving him 52 weeks of leave with pay, plus changing his work assignment and supervisor.  The duty to provide reasonable accommodation is a continuing one, however, and not exhausted by one effort. [¶] The very limited four-week accommodation ordered by the district court strikes us as eminently reasonable; so reasonable, in fact, that we are puzzled that Lucent has drawn a line in the sand at this point.  In colloquy with counsel, the district judge made it clear that if the plaintiff failed this four-week test, that was the end of the matter.  [¶] We hold that the accommodation ordered by the court was reasonable and in accord with the Americans With Disabilities Act.").

**Additional Court Notes:** Mr. Head has asked that the instruction above be modified to include the phrase "including an extended leave of absence" (at the end of the first sentence of the second paragraph.  *See* Docket No. 80.  The Court shall not make the proposed modification.  The

additional language is unnecessary and may, if anything, confuse the jury.

Mr. Head has also asked that a separate instruction to be given defining or explaining what indefinite leave is. *See* Docket No. 81 (proposing the following instruction: "Just because a medical leave has been repeatedly extended does not, by itself, prove that the leave is indefinite. The key question is whether, at the end of the requested leave, it is likely that the employee will be able to perform the essential duties of the job."). Consistent with the Court Notes above, the Court shall not give the instruction. The Court rejected Costco's proposed instruction precisely because the jury can use its common sense as to what constitutes indefinite leave. In addition, Costco fairly argues that extended leaves may become indefinite, depending on the circumstances.

United States District Court
Northern District of California

1

2

## JURY INSTRUCTION NO. [_____] ACCOMMODATION LEAVE
## OBLIGATION FOR ASSOCIATIONAL DISABILITY UNCLEAR

3

4

5

~~During the relevant time period in this matter, the law was unclear regarding whether an employer was required to provide a leave as an accommodation based on someone's association with a person with a disability.~~

6

7

8

9

10

Court Notes: Costco has proposed this instruction. *See* Docket No. 74 (Prop. Instr. at 9). The Court shall not give the instruction. It serves no purpose. The Court has already ruled (at summary judgment) that Plaintiff is not entitled to punitive damages. The Court's evidentiary rulings do not allow Plaintiff to argue intentional discrimination by Costco.

11

12

13

14

15

**Additional Court Notes:** Costco has asked again that this instruction be given. The Court has already ruled on the legal issue in its summary judgment order. Costco has preserved its right to argue on appeal (if needed) that FEHA does not require accommodation for associational disability.

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

2

### JURY INSTRUCTION NO. [430] "SUBSTANTIAL FACTOR" (CAUSATION) EXPLAINED

3   A substantial factor in causing harm is a factor that a reasonable person would consider to

4  have contributed to the harm.  It must be more than a remote or trivial factor.  It does not have to

5  be the only cause of the harm.

6   Conduct is not a substantial factor in causing harm if the same harm would have occurred

7  without that conduct.

8

9   Court Notes: CACI 430.  The parties have stipulated to this instruction.  The Court has

10  modified the title of the instruction so that the jury has more clarity.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. [2546] FAILURE TO ENGAGE IN
### INTERACTIVE PROCESS – ESSENTIAL FACTUAL ELEMENTS

Mr. Head contends that Costco failed to engage in a good-faith interactive process with him to determine whether it would be possible to implement effective reasonable accommodations for him because of his wife's disability.  In order to establish this claim, Mr. Head must prove the following:

1.    That Mr. Head asked for a reasonable accommodation for himself because of his wife's disability;

2.    That Mr. Head was willing to participate in an interactive process to determine whether reasonable accommodation could be made;

3.    That Costco failed to participate in a timely good-faith interactive process with Mr. Head to determine whether reasonable accommodation could be made;

4.    That Costco could have made a reasonable accommodation when the interactive process should have taken place;

5.    That Mr. Head was harmed; and

6.    That Costco's failure to engage in a good-faith interactive process was a substantial factor in causing Mr. Head's harm.


Court Notes: CACI 2546.  The parties have offered competing instructions.  *See* Docket No. 64 (Prop. Instr. at 68-72).  The Court generally finds Costco's version more reasonable but the Court has made some modifications (including a modification to the title of the instruction).  The Court has not included all elements from CACI 2546 (*e.g.*, that the wife's disability was known to Costco and that Mr. Head asked Costco for a reasonable accommodation for his wife's condition) because they are not in dispute.

The Court, however, shall not give Costco's additional proposed instruction that "The Employee Must Identify a Reasonable Accommodation Available at the Time of the Interactive Process."  Docket No. 64 (Prop. Instr. at 115).  It is unnecessary in light of this instruction.

United States District Court
Northern District of California

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [2505] RETALIATION – ESSENTIAL FACTUAL ELEMENTS

Mr. Head claims that Costco retaliated against him for requesting a reasonable accommodation.  Specifically, he claims that Costco retaliated by constructively firing him through its refusal to accommodate his request for leave to care for his wife.  To establish this claim, Mr. Head must prove all of the following:

1.    That Mr. Head asked for a reasonable accommodation for himself because of his wife's disability;

2.    That Costco constructively discharged him;

3.    That the constructive discharge was retaliatory in that it was substantially motivated by the fact that Mr. Head had ~~on a number of occasions~~ asked for leave to care for his disabled wife;

4.    That Mr. Head was harmed; and

5.    That the constructive discharge was a substantial factor in causing Mr. Head harm.

Mr. Head does not have to prove a failure to reasonably accommodate in order to be protected from retaliation.  If Mr. Head proves the elements of a retaliation claim, he may prevail on that claim even if he does not prevail on his separate claim for failure to accommodate.

On the other hand, the mere fact that Costco did not give Mr. Head an accommodation does not mean that it retaliated against Mr. Head.  If Costco denied the request for an accommodation to care for his wife because it believed the request was not reasonable, and not because he had made ~~multiple~~ requests for accommodation, that is not retaliation.


Court Notes:  CACI 2505 (modified).  The parties have submitted competing instructions.  *See* Docket No. 64 (Prop. Instr. at 36-40).  The Court generally finds Costco's version more appropriate, but it has included the final paragraph (as suggested by Mr. Head, though the Court has made modifications) to make clear to the jury that he could prevail on the interactive claim but lose on the accommodation claim.  It has also added language to clarify that the mere failure to give an accommodation is not retaliation.

1    While Mr. Head's retaliation claim is based on his numerous requests for accommodation

2    to care for his wife, *see* Compl. ¶ 94 (in retaliation claim, alleging that "Plaintiff's requests for

3    accommodations to care for [his] ill and disabled wife were substantial motivating reasons for

4    Defendant['s] decision to terminate Plaintiff's employment"), this does not preclude introduction

5    of evidence of his requests for accommodation for his own medical condition as background.

6        The Court acknowledges Mr. Head's contention that Costco retaliated in more than one

7    way – *i.e.*, not just by forcing him to resign but also by failing to accommodate him and by failing

8    to rehire him. But in his complaint, Mr. Head alleged that the retaliation consisted of the

9    termination only. *See* Compl. ¶ 94 (alleging that "Plaintiff's requests for accommodations to care

10    for [his] ill and disabled wife were substantial motivating reasons for Defendants' decision to

11    terminate Plaintiff's employment."). The Court's summary judgment order also stated that the

12    factual predicate for the claims going to trial would be limited to the termination only. Mr. Head

13    never sought reconsideration of that ruling.

14        Furthermore, as indicated above, the Court rejects Mr. Head's suggestion that a denial of

15    an accommodation, by itself, can be per se retaliation. This cannot be so or, otherwise, a

16    retaliation claim would always be brought with a claim of failure to accommodate. What must be

17    proven is a motive to retaliate for engaging in protected conduct.

18        As for the alleged failure to rehire, the Court notes that Mr. Head is not arguing retaliation

19    because he made a request for an accommodation *at or about the time he sought rehire*. (He no

20    longer needed an accommodation at the time he sought rehire because his wife had passed.)

21    Rather, Mr. Head is arguing retaliation (no rehiring) because he *previously* made requests for

22    accommodation (*i.e.*, while he was still an employee and before he was constructively discharged).

23    But this Court has already held in its summary judgment order that there is no longer a claim

24    based on failure to rehire. In any event, there is no evidence that Costco declined to rehire

25    because of the prior requests for accommodation. Mr. Maldonado was the main decisionmaker on

26    the rehire and he did not know anything about Mr. Head's wife other than that she had died

27    recently. Indeed, for the intentional discrimination and related claims, the Court found no

28    evidence of animus on Mr. Maldanado's part with respect to the rehire and thus granted summary

1    judgment in favor of Costco.

2          Accordingly, the Court limits the adverse employment action for the retaliation claim to

3    the alleged termination.  Furthermore, it does not include Mr. Head's additional instruction on

4    adverse employment action, *see* Docket No. 64 (Prop. Instr. at 52), because only the alleged

5    termination is at issue.

6

7          **Additional Court Notes:** Costco has proposed the modification, and Mr. Head has not

8    objected.  *See* Docket No. 80.  The Court agrees that the proposal is reasonable.

1
2

### JURY INSTRUCTION NO. [2510] "CONSTRUCTIVE DISCHARGE" EXPLAINED

3    A constructive discharge occurs when an employee resigns because of working conditions
4    – intentionally created or knowingly permitted by their employer – that are so intolerable that a
5    reasonable person in the plaintiff's position would have had no reasonable alternative except to
6    resign.

7    In order to be sufficiently intolerable, adverse working conditions must be unusually
8    aggravated or amount to a continuous pattern.  In general, single, trivial, or isolated acts of
9    misconduct are insufficient to support a constructive discharge.  But in some circumstances, a
10   single intolerable incident may constitute a constructive discharge.

11

12   Court Notes: CACI 2510 (modified).  Mr. Head proposes that an instruction on
13   constructive discharge be given; Costco opposes on the basis that this is not a constructive
14   discharge case.  The Court agrees with Mr. Head that an instruction should be given but has
15   modified the language of the instruction (including the title).

16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

1

2

## JURY INSTRUCTION NO. [2507] "SUBSTANTIAL MOTIVATING REASON" EXPLAINED

3          A "substantial motivating reason" is a reason that actually contributed to the constructive

4   discharge from employment.  It must be more than a remote or trivial reason.  It does not have to

5   be the only reason motivating the discharge.

6

7          Court Notes: CACI 2407 (modified).  The parties have submitted competing instructions.

8   *See* Docket No. 64 (Prop. Instr. at 41-44).  The Court agrees that the adverse employment action

9   should be specified; however, it has modified Costco's proposed language.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [2512] LIMITATION ON REMEDIES – SAME

## DECISION

In his retaliation claim, Mr. Head claims that he was constructively discharged in retaliation for his multiple requests for an accommodation, which is an *unlawful* retaliatory reason.

Costco disputes that there was a constructive discharge and contends that Mr. Head voluntarily resigned instead. Costco also claims that, even if there was a constructive discharge, it was because Mr. Head had sought an indefinite leave of absence, which is a *lawful* reason to deny the accommodation request.

If you find that there was a constructive discharge and that retaliation was a substantial motivating reason for the discharge, you must then consider Costco's stated reason for the discharge.

If you find that Mr. Head asked for an indefinite leave and that his request for an indefinite leave was also a substantial motivating reason for the discharge, then you must determine whether Costco has proven that it would have discharged Mr. Head anyway at that time based on the request for indefinite leave even if it had not also been substantially motivated by retaliation.

In determining motivating factors, you must determine what actually motivated Costco, not what it might have been justified in doing.

If you find that Costco constructively discharged Mr. Head for a retaliatory reason, you will be asked to determine the amount of damages that he is entitled to recover. If, however, you find that Costco would have discharged Mr. Head anyway at that time because of a request for indefinite leave, then Mr. Head will not be entitled to reinstatement, back pay, or damages.


Court Notes: CACI 2512 (modified). Costco has requested an instruction on "same decision"; Mr. Head opposes. *See* Docket No. 64 (Prop. Instr. at 45-48). The Court agrees with Costco that it is appropriate to give the instruction. However, Costco's proposed instruction as phrased is inappropriate – it is too lengthy, it is too skewed in Costco's favor, and it is predicated on there being no constructive discharge instead of assuming that there was a discharge but that there was also a lawful reason for the discharge. *See* Docket No. 64 (Prop. Instr. at 45)

1    (characterizing Costco's contention as follows: "Plaintiff was not discharged – he voluntarily

2    resigned in June 2022 when he decided to remain on an indefinite leave of absence despite having

3    no available leave benefits and failed to provide valid documentation to support an extended leave

4    for his own medical condition").  The Court therefore has proposed its own version of the

5    instruction.

6        The Court also notes that Costco has offered an instruction on pretext.  *See* Docket No. 64

7    (Prop. Instr. at 109-10).  The Court does not see the need for such an instruction.  There is no

8    model instruction on pretext in CACI or in the Ninth Circuit Model Instructions.  *Cf.* 9th Cir.

9    Model Instruction No. 10, Introductory Comment ("[A] *McDonnell Douglas* burden-shifting

10   instruction should not be given in a Title VII case.  Cases discussing pretext and burden shifting

11   arise only in the context of summary judgment and motions for judgment as a matter of law.").

12   There is no factual or legal basis for a pretext instruction here.

13       Costco has also offered an instruction on "Legitimate, Non-Retaliatory Reason Is a

14   Defense."  *See* Docket No. 64 (Prop. Instr. at 113).  The instruction is unnecessary given that this

15   instruction will be given, along with the instructions above and below.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [2513] BUSINESS JUDGMENT FOR "AT WILL" EMPLOYMENT

~~In California, employment is presumed to be "at will." This means that an employer may terminate an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for a retaliatory reason.~~

Court Notes: CACI 2513. Costco has asked that the instruction be given; Mr. Head opposes. The Court finds that the instruction is not necessary given the instruction on the retaliation claim. Similarly, Costco's additional proposed instruction that "'Unfair' Decisions Are Not Illegal" is not necessary. *See* Docket No. 64 (Prop. Instr. at 106).

## JURY INSTRUCTION NO. [2430, 2432] WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY – ESSENTIAL FACTUAL ELEMENTS

Mr. Head claims he was constructively discharged from employment for reasons that violate a public policy.  It is a violation of public policy to retaliate against a person because he has asked for a reasonable accommodation for himself due to an association with another person who has a physical or mental disability.  To establish this claim, Mr. Head must prove all of the following:

1.    That Costco constructively discharged Mr. Head.

2.    That a substantial motivating reason for the constructive discharge was because Mr. Head asked for a reasonable accommodation for himself because of his wife's disability

4.    That Mr. Head was harmed; and

5.    That the constructive discharge was a substantial factor in causing Mr. Head harm.

"Constructive discharge" is defined in Instruction No. [2510].

Court Notes: CACI 2430, 2432.  The parties have submitted competing instructions.  *See* Docket No. 64 (Prop. Instr. at 32-35, 55-57).  The Court has proposed its own version.

The Court, however, questions whether Mr. Head really needs separate claims for retaliation and wrongful termination (now that the Court has limited the adverse employment action for the retaliation claim to a wrongful termination).  The parties shall meet and confer on this instruction and report back on the results of their meet and confer on November 17, 2025.

**Additional Court Notes:** Costco argues that the instruction is not necessary as the claim for wrongful termination is essentially duplicative of the claim for retaliation.  Mr. Head still asks that the instruction (as phrased above) be given.  The Court shall give the instruction.

1

### JURY INSTRUCTION NO. [5.1] DAMAGES – PROOF

2      It is the duty of the Court to instruct you about the measure of damages.  By instructing

3  you on damages, the Court does not mean to suggest for which party your verdict should be

4  rendered.

5       If you find for Mr. Head, you must determine his damages.  Mr. Head has the burden of

6  proving damages by a preponderance of the evidence.  Damages means the amount of money that

7  will reasonably and fairly compensate Mr. Head for any injury you find was caused by Costco.

8      It is for you to determine what damages, if any, have been proved.

9      Your award must be based upon evidence and not upon speculation, guesswork or

10  conjecture.

11

12      Court Notes: 9th Cir. Model Instruction No. 5.1.  The parties have offered competing

13  instructions (for this instruction and the one that follows).  Costco proposes use of the Ninth

14  Circuit model; Mr. Head proposes use of the CACI 3900 (the state model) instead.  There is no

15  material difference between the two; thus, neither party will be prejudiced by use of one

16  instruction over the other.  The Court defaults to use of the Ninth Circuit model but, in the

17  instructions that follow, the Court includes language from CACI.

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

**JURY INSTRUCTION NO. [3902] ECONOMIC AND NONECONOMIC**

**DAMAGES**

3    The damages claimed by Mr. Head for the harm caused by Costco fall into two categories

4  called economic damages and noneconomic damages. You will be asked on the verdict form to

5  state the two categories of damages separately.

6    The following are the specific items of economic damages claimed by Mr. Head:

7    • the reasonable value of earnings and benefits lost up to the present time; and

8    • the reasonable value of earnings and benefits that with reasonable certainty will be

9      lost in the future as a result of the injury.

10   The following are the specific items of noneconomic damages claimed by Mr. Head:

11   • Past and future physical pain, mental suffering, loss of enjoyment of life,

12     inconvenience, anxiety, humiliation, and emotional distress.

13   No fixed standard exists for deciding the amount of noneconomic damages. You must use

14  your judgment to decide a reasonable amount based on the evidence and your common sense.

15   To recover for future noneconomic damages, Mr. Head must prove that he is reasonably

16  certain to suffer that harm.

17   For future noneconomic damages, determine the amount in current dollars paid at the time

18  of judgment that will compensate Mr. Head for future noneconomic damages.

19

20   Court Notes: CACI 3902, 3903, 3903C, 3905, 3905A; 9th Cir. Model Instruction No. 5.2.

21  The Court has used language from both the CACI models and the Ninth Circuit model.

22   The Court acknowledges that Mr. Head has also asked that CACI 3903P be given. *See*

23  Docket No. 64 (Prop. Instr. at 86). The Court declines to give the instruction as it may complicate

24  matters for the jury. However, Mr. Head is free to argue to the jury that past and future lost

25  earnings should be calculated along the lines provided by the instruction.

26   Costco's request for an additional instruction that "Litigation Stress [is] Not Recoverable"

27  is denied. *See* Docket No. 64 (Prop. Instr. at 117). The instruction is not necessary as there is no

28  indication that Mr. Head will argue that he should be compensated for such.

1      The Court also denies Costco's request that an instruction be given on "Emotional Distress

2  Damages – Causation."  *See* Docket No. 64 (Prop. Instr. at 119).  The instruction is unnecessary in

3  light of the previous instruction.

1

## **JURY INSTRUCTION NO. [5.3] DAMAGES – MITIGATION**

Mr. Head has a duty to use reasonable efforts to mitigate damages.  To mitigate means to avoid or reduce damages.

Costco has the burden of proving by a preponderance of the evidence:

First, that Mr. Head failed to use reasonable efforts to mitigate damages; and

Second, the amount by which damages would have been mitigated.


Court Notes: 9th Cir. Model Instruction No. 5.3.  Costco proposes the Ninth Circuit Model; Mr. Head the CACI model instead.  Mr. Head cites to CACI 6963, but that appears to be an error.  He likely meant to refer to CACI 3962 (Duty to Mitigate Damages for Future Lost Earnings").  The Court uses the Ninth Circuit model as it is more direct and concise.  Costco will not argue that Mr. Head should have mitigated damages through being rehired by Costco.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. [3925] ARGUMENTS OF COUNSEL NOT EVIDENCE OF DAMAGES

The arguments of the attorneys are not evidence of damages.  Your award must be based on your reasoned judgment applied to the testimony of the witnesses and the other evidence that has been admitted during trial.

Court Notes: CACI 3925.  The parties have stipulated to this instruction.

1

2

## JURY INSTRUCTION NO. [3964] JURORS NOT TO CONSIDER
## ATTORNEY FEES AND COURT COSTS

3    You must not consider, or include as part of any award, attorney fees or expenses that the

4 parties incurred in bringing or defending this lawsuit.

5

6    Court Notes: CACI 3964.  The parties have stipulated to this instruction.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1

### JURY INSTRUCTION NO. [3924] NO PUNITIVE DAMAGES

You must not include in your award any damages to punish or make an example of Costco.

Such damages would be punitive damages, and they cannot be a part of your verdict.   You must

award only the damages that fairly compensate Mr. Head for his loss, if any, caused by Costco.

Court Notes: CACI 3924.  The parties stipulated to this instruction.

## **JURY INSTRUCTION NO. [3.1] DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases, to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be – that is entirely up to you.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

1    Court Notes: 9th Cir. Model Instruction No. 3.1.  The parties have stipulated to the model

2    instruction.  The Court has modified the instruction slightly (as indicated by the highlighted text).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. [3.2] CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations.

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, the platform "X" formerly known as Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved – including the parties, the witnesses or the lawyers – until you have been excused as jurors.  If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications,

68

then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.


Court Notes: 9th Cir. Model Instruction No. 3.2.  The parties have stipulated to the model instruction.  The Court has modified the instruction slightly (as indicated by the highlighted text).

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. [2.16] EVIDENCE IN ELECTRONIC FORMAT**

Those exhibits received in evidence that are capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. You may request a paper copy of any exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with [the clerk] [the bailiff] present for the sole purpose of assuring that the only matter that is discussed is the technical problem. When the court technician or any nonjuror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any nonjuror other than to describe the technical problem or to seek information about operation of the equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to ensure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows access to such materials, you must inform the court immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

Court Notes: 9th Cir. Model Instruction No. 2.16. The parties did not propose this

1   instruction, but it is not clear to the Court whether any evidence will be offered in electronic

2   format.

1

## JURY INSTRUCTION NO. [3.3] COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Court Notes: 9th Cir. Model Instruction No. 3.3.  The parties have stipulated to this instruction.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **JURY INSTRUCTION NO. [3.5] RETURN OF VERDICT**

A verdict form has been prepared for you.  [Explain verdict form as needed.]  After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.


Court Notes: 9th Cir. Model Instruction No. 3.5.  The parties have stipulated to this instruction.

United States District Court
Northern District of California

1

## JURY INSTRUCTION NO. [3.9] POST-DISCHARGE INSTRUCTION

Now that the case has been concluded, some of you may have questions about the confidentiality of the proceedings.  Now that the case is over, you are free to discuss it with any person you choose.  By the same token, however, I would advise you that you are under no obligation whatsoever to discuss this case with any person.

[If you do decide to discuss the case with anyone, I would suggest you treat it with a degree of solemnity in that whatever you do decide to say, you would be willing to say in the presence of the other jurors or under oath here in open court in the presence of all the parties.]

[Finally, always bear in mind that if you do decide to discuss this case, the other jurors fully and freely stated their opinions with the understanding they were being expressed in confidence.  Please respect the privacy of the views of the other jurors.]

[Finally, if you would prefer not to discuss the case with anyone, but are feeling undue pressure to do so, please feel free to contact the courtroom deputy, who will notify me and I will assist.]

Court Notes: 9th Cir. Model Instruction No. 3.9.  The parties have stipulated to this instruction.

74

# IV. **CONDITIONAL INSTRUCTIONS**

### **JURY INSTRUCTION NO. [3.4] READBACK OR PLAYBACK**

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony.  [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.]  [Because of the length of the testimony of this witness, excerpts will be [read] [played].]  The [readback] [playback] could contain errors.  The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony.  Your recollection and understanding of the testimony controls.  Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Court Notes: 9th Cir. Model Instruction No. 3.4.  The instruction will not be given as part of the closing instructions; it will be given only if needed during jury deliberations.

1

## JURY INSTRUCTION NO. [3.6] ADDITIONAL INSTRUCTIONS OF LAW

2  At this point I will give you an additional instruction.  By giving an additional instruction

3 at this time, I do not mean to emphasize this instruction over any other instruction.

4  You are not to attach undue importance to the fact that this instruction was read separately

5 to you.  You must consider this instruction together with all of the other instructions that were

6 given to you.

7  [Insert text of new instruction.]

8  You will now retire to the jury room and continue your deliberations.

9

10  Court Notes: 9th Cir. Model Instruction No. 3.6.  The instruction will not be given as part

11 of the closing instructions; it will be given only if needed during jury deliberations.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. [3.8] CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED

[One] [Some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations.  You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors.  Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating.  All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

Court Notes: 9th Cir. Model Instruction No. 3.8.  The instruction will not be given as part of the closing instructions; it will be given only if needed during jury deliberations.